UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re ) | | |
| ) | Case No. 15-41404 | |
| GREEN JACOBSON, P.C., ) | | |
| ) | Involuntary Chapter 7 | |
| Alleged Debtor. ) | | |
| _____ ) | | |
| ) | | |
| David P. Oetting, Class Representative, ) | **MOTION FOR DETERMINATION** | |
| ) | **THAT CLASS SETTLEMENT FUNDS** | |
| Movant, ) | **AND U.S. BANK ACCOUNT ARE NOT** | |
| ) | **PROPERTY OF THE ESTATE** | |
| v. ) | | |
| ) | Hearing Date: April 2, 2015 | |
| GREEN JACOBSON, P.C., ) | Hearing Time: 9:30 a.m. | |
| ) | Objection Deadline:   April 1, 2015 | |
| Respondent. ) | | |

David P. Oetting, as class representative for the NationsBank Holder Classes in the multidistrict litigation *In re BankAmerica Corp. Securities Litigation*, Case No. 99-MDL-1264 (E.D. Mo.) (the "Class" and the "Class Action" respectively), for his Motion pursuant to 11 U.S.C. § 541, states:

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.      An involuntary petition was filed against Green Jacobson, P.C. (the "Debtor) on March 3, 2015 (the "Petition Date"). The Debtor's response is due March 25, 2015.  The Debtor closed its business Dec. 31, 2014.

3. Movant was appointed Class representative by the District Court's order dated July 6, 1999 [Doc. 39][1] in the Class Action. Movant has standing as a court-appointed fiduciary to act on behalf of the Class.

4. On March 18, 2015, the Eighth Circuit Court of Appeals in *Oetting v. Green Jacobson, P.C. (In re BankAmerica Corp. Securities Litig.)*, Appeal No. 13-2620 (8th Cir.) [Doc. 813] denied the Debtor's request for rehearing *en banc* of the panel decision vacating and remanding the District Court order approving a *cy pres* distribution of $2.6 million in Class Action settlement funds (the "Settlement Funds") to Legal Services of Eastern Missouri, Inc. ("LSEM") [Doc. 822].

5. The Debtor had quickly remitted the Settlement Funds to LSEM after the District Court entered the *cy pres* order [Doc. 802], including paying itself more than $98,000 in related attorney fees.[2] [Report to Court, Doc. 806].

6. LSEM agreed to hold the Settlement Funds in suspense until resolution of the appeal, and to repay the Settlement Funds to the NationsBank Settlement Fund "if and when a final order is entered in Mr. Oetting's appeal which reverses Judge Jackson's June 24, 2013, 'Order and Memorandum' or LSEM is otherwise compelled by judicial order to return the funds." [Doc. 817, Exh. C].

7. The NationsBank Settlement Fund was established under the terms of the Class settlement of the securities litigation. It is a segregated fund that was to be jointly administered by the Debtor and a Philadelphia accounting firm, Heffler, Radetich & Saitta, LLP, solely to

---

[1] All docket references are to the docket of *In re BankAmerica Corp. Securities Litig.*, 99-MDL-1264 (E.D. Mo.).

[2] The Eighth Circuit decision vacating and remanding the *cy pres* order also vacated the Debtor's fee award, which was to be refunded to the Class. It is as yet unclear where the fees, if refunded, were deposited.

make the distributions authorized by the settlement agreement and approved by the District Court.

8. Pursuant to the Class Settlement the District Court directed Heffler, Radetich & Saitta, L.L.P, (the "Claims Administrator") and the Debtor to pay Class claims from the NationsBank Settlement Fund (the "Settlement Account") after payment of attorney's fees, taxes, and other expenses, pursuant to a court-approved allocation plan.[3] [Order, Stipulation and Settlement (the "Class Settlement"), Doc. 588, ¶ ¶ 1(g), 8-12, 24]. A copy of the Class Settlement is attached as Exhibit "1".

9. Movant believes the Settlement Account is at U.S. Bank in Memphis, Missouri, and believes the Debtor is the sole signatory on the account. The Claims Administrator's counsel, when asked on March 18, 2015, whether the Settlement Account remained open, responded: "I'm told by our client that you'd need to check in with the law firm [the Debtor] on this one…."

10. Thus, a non-operating, bankrupt law firm with no current operations or employees may nonetheless remain the administrator of millions of dollars in segregated Settlement Funds to be deposited by LSEM into a Settlement Account over which the defunct Debtor law firm appears to have sole signatory authority.[4] Granting this Motion will help address a situation rife

---

[3] The Debtor and the Claims Administrator paid some $5.6 million in fraudulent claims, prompting Movant to file pending negligence actions against both fund administrators.

[4] More absurdly, the former principals of the Debtor seek to replace the Debtor as lead Class counsel with their current law firms and, apparently, resume administration of the Settlement Funds -- despite being Defendants in the Class representative's pending lawsuit for mismanaging Settlement Funds. [Doc. 826]. In reversing the *cy pres* distribution, the Eighth Circuit found that Debtor had acted contrary to the interests of the Class in moving for such a distribution of the same Settlement Funds that will be returned by LSEM. *Oetting v. Green Jacobson, P.C. (In re BankAmerica Corp. Securities Litig.,)*, 775 F.3d 1060, 1068 (8th Cir. 2015).

with risks to the interests of the Class, for whose benefit the Debtor had been empowered to act in disbursing Settlement Funds to Class members.

11. The Debtor accordingly only has powers under the Class Action settlement to file and pay taxes, and court-approved costs of administration, including attorney's fees; and then, with the Claims Administrator, to pay net Settlement Funds to Class members. The Debtor has no present interest in the Settlement Fund, only ministerial duties to ensure appropriate and authorized payments are made from the fund. Its interest in the Settlement Funds is that of a trustee or fiduciary.

12. The Debtor's bankruptcy estate comprises all the Debtor's legal and equity interests in property wherever located and by whomever held as of the Petition Date. 11 U.S.C. § 541(a)(1). Generally, interests in property are created and defined by state law. *Butner v. United States,* 440 U.S. 48, 55 (1979). Bankruptcy does not confer new property rights in the Debtor.

13. Here, the Debtor's rights defined by the Class Action Settlement are to act as an administrator of funds for a class of beneficiaries -- which the Debtor is incapable of performing due to the firm's closing -- rather than any property rights in the Settlement Funds themselves. The Settlement Funds cannot be property of the Debtor's bankruptcy estate because only Class members have property rights in the funds, albeit net of future expenses incurred in their later administration.

14. Property of the estate specifically does not include any power that the Debtor may exercise solely for the benefit of someone else. 11 U.S.C. § 541(b)(1). The terms of the Class Settlement made the Debtor and the Claims Administrator fiduciaries for the Class with powers

4

to be exercised solely for the benefit of the Class members. Property of the estate does not include the fiduciary or trust powers conferred on the Debtor through the Class Settlement.

WHEREFORE, Movant David P. Oetting, as NationsBank Holders Class representative, requests that this Court enter an Order (A) finding Settlement Funds deposited or held in the Settlement Account are not property of Debtor's bankruptcy estate; (B) that the powers provided the Debtor in the Class Settlement are not property of the Debtor's bankruptcy estate; (C) that neither the Debtor nor a Chapter 7 trustee may take any actions with regard to the Settlement Account or Settlement Funds, including exercising any power to withdraw funds under any circumstances; and (D) for such other and further relief as is just and proper.

Dated: March 20, 2015

        Respectfully submitted,

        LASHLY & BAER, P.C.

        By: /s/ Daniel D. Doyle
        Daniel D. Doyle          #36724
        714 Locust Street
        St. Louis, Missouri 63101
        Phone: (314) 436-8373
        Facsimile: (314) 621-6844
        ddoyle@lashlybaer.com

        *Attorney for Movant*

        /s/ David P. Oetting
        Class Representative

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2015, the foregoing was electronically transmitted via the court CM/ECF system on those requesting electronic notice in this case, and by U.S. Mail to those listed below.

Martin Green, Registered Agent
Green Jacobson, P.C.
7733 Forsyth Boulevard, Suite 700
St. Louis, Missouri 63105

U.S. Bank
231 S. Market St.
Memphis, MO 63555
ATTN: President or Managing Agent

Legal Services of Eastern Missouri, Inc.
4232 Forest Park Ave.
St. Louis, MO 63108
ATTN: Daniel Glazier, Executive Director

Glenn A. Norton, Receiver
Blitz, Bardgett & Deutsch, LC
120 South Central Avenue, Suite 1650
St. Louis, Missouri 63105

Patricia M. Hamill
Conrad O'Brien, P.C.
Centre Square, West Tower
1500 Market Street, Suite 3900
Philadelphia, PA 19102-2100
Attorneys for Claims Administrator

*/s/ Daniel D. Doyle*