UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **GREEN JACOBSON, P.C.,** | ) | In Proceedings Under Chapter 7 |
| | ) | Involuntary Petition |
| **Alleged Debtor.** | ) | |
| | ) | Case No.: 15-41404-705 |
| _____ | ) | |
| | ) | |
| **GREEN JACOBSON, P.C.,** | ) | ALLEGED DEBTOR'S MOTION TO |
| | ) | DISMISS CHAPTER 7 BANKRUPTCY |
| **Movant,** | ) | CASE, OR   IN THE ALTERNATIVE, |
| | ) | TO ABSTAIN OR SUSPEND ALL |
| v. | ) | PROCEEDINGS IN A CHAPTER 7 |
| | ) | BANKRUPTCY CASE, PURSUANT TO |
| **SKMDV HOLDINGS, INC.,** | ) | 11 U.S.C. § 305(a)(1) |
| | ) | |
| **Respondent.** | ) | Hearing Date:  April 15, 2015 |
| | ) | Hearing Time: 9:30 a.m. |
| | ) | Location: 111 South Tenth Street |
| | ) | Courtroom 7 South |
| | ) | St. Louis, MO  63101 |
| | ) | |
| | ) | Robert E. Eggmann, Esq. |
| | ) | Desai Eggmann Mason LLC |
| | ) | 7733 Forsyth Blvd., Suite 800 |
| | ) | St. Louis, Missouri  63105 |
| | ) | (314) 881-0800 |

### ALLEGED DEBTOR'S MOTION TO DISMISS CHAPTER 7 BANKRUPTCY CASE, OR IN THE ALTERNATIVE, TO ABSTAIN OR SUSPEND ALL PROCEEDINGS IN A CHAPTER 7 BANKRUPTCY CASE, PURSUANT TO 11 U.S.C. § 305(a)(1)

COMES NOW Alleged Debtor Green Jacobson, P.C. ("Debtor"), by and through its attorneys, and respectfully submits the following Motion to Dismiss Chapter 7 Bankruptcy Case, or in the Alternative, to Abstain or Suspend All Proceedings in a Chapter 7 Bankruptcy Case, Pursuant to 11 U.S.C. § 305(a)(1) (the "Motion").  As grounds for said Motion, Debtor states as follows:

1.     On March 3, 2015 (the "Petition Date"), SKMDV Holdings, Inc. ("SKMDV"), as petitioning creditor, filed an involuntary petition under Chapter 7 of the Bankruptcy Code (the "Bankruptcy Case") in the United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division (the "Bankruptcy Court") against Alleged Debtor Green Jacobson, P.C.

2.     No trustee has been appointed in the Bankruptcy Case.

3.     Debtor is a professional corporation organized in the State of Missouri in 1994, which has, at all times pertinent to this Motion, operated as a law firm. However, on or about December 31, 2014, Debtor ceased operations and since that time has been winding up its corporate affairs.

4.     On or about July 1, 2011, SKMDV commenced a cause of action for legal malpractice in the Circuit Court for the County of St. Louis, State of Missouri (the "State Court") against, among other parties, Green Jacobson, P.C., in the case styled *SKMDV Holding, Inc. v. Green Jacobson, P.C., et. al*, bearing case number 11SL-CC02664 (the "State Court Case").

5.     On or about November 12, 2014, the State Court entered a Judgment in the State Court Case in favor of SKMDV and against Debtor in the amount of $10,500,000.00 (the "Judgment").  A true and accurate copy of the State Court's Judgment is attached hereto as Exhibit A and incorporated herein by this reference.

6.     On January 7, 2015, Debtor filed its Notice of Appeal of the Judgment.

7.     On February 2, 2015, in response to SKMDV's numerous post-judgment collection efforts which were detrimental to the wind-up of Debtor's business operations and sought potentially privileged information concerning Debtor's clients and its contractual relationships with its clients, Debtor filed a Motion to Appoint Receiver with the State Court.  A

true and accurate copy of said Motion to Appoint Receiver is attached hereto as <u>Exhibit B</u> and incorporated herein by this reference.

   8. On February 27, 2015, the State Court entered its Order granting the Motion to Appoint Receiver (the "Order") and appointing the Honorable Glenn A. Norton as receiver (the "Receiver"), to immediately take control of all of the goods and chattel, rights and credits, monies and effects, lands and tenements, books, records, documents, papers, choses in action, bills, notes, accounts receivable, and property of every description, both real and personal of Debtor (collectively, the "Property"), and to further serve, without bond, in accordance with the terms of said Order, and to possess the power and authority to:

  1. Take control of and manage the Property;
  2. Collect any and all income, accounts receivables, profits or other sums associated with the Property;
  3. Manage the collection and application of all such sums to the amounts due third parties from time to time;
  4. Execute and deliver such contracts and other documents as the Receiver deems necessary in its reasonable business judgment to carry out its responsibilities with respect to the Property;
  5. Take any and all actions deemed reasonable and appropriate by the Receiver to secure, protect and preserve the Property and to incur such expenses as may be necessary or advisable in connection therewith, and to remit the sums to Plaintiff (*SKMDV*) for application to the indebtedness owed to Plaintiff, subject to further order and approval by this Court.
  6. Take any all actions the Receiver deems appropriate to prevent waste and to preserve, secure, manage, maintain and safeguard the Property;
  7. Enjoin Plaintiff and any persons acting under its direction, or any persons or entities controlling any part of the Property, from in any manner disturbing the Receiver's possession, operation and disposition of the Property, and ordering that such persons and entities are prohibited and restrained from disposing of, dissipating, mishandling or misappropriating the Property, until further order of this Court;
  8. Gain access to the books and records of Defendant (*Debtor*) and all information necessary to collect, manage and preserve the Property;
  9. Institute, prosecute, defend, compromise, or intervene in or become a party to such actions or proceeding in state or federal court relating to the Property and those necessary to dispose of the Property, for the carrying out of the terms and provisions of the Court's order appointing the Receiver, and/or to defend against any action brought against the Receiver acting in such capacity;

        10.    Retain any other person, firm or corporation that the Receiver deems necessary to carry out its duties with respect to the Property or assist in the operation or disposition of the Property;

        11.    Retain legal counsel to enforce the Receiver's duties; and

        12.    Undertake all actions specifically set forth in the Order, as well as to exercise the usual and customary powers afforded to a receiver under Missouri law (except as otherwise limited by any order of this Court), until further order of this Court.

(*See* Order, pp. 3–4). A true and accurate copy of the Order granting Debtor's Motion to Appoint Receiver is attached hereto as <u>Exhibit C</u> and incorporated herein by this reference.

    9.    Subsequent to the filing of this involuntary Bankruptcy Case, on or about March 4, 2015, SKMDV filed a Suggestion of Bankruptcy in the State Court Case, staying all further actions of the Receiver.

    10.    The attached <u>Exhibit D</u> sets forth a list of those creditors currently holding claims against the Debtor. Debtor will testify that this list demonstrates, with the exclusion of the claim of SKMDV, the very small number of creditors possessing claims against the Debtor, in an aggregate amount of less than $50,000.00.

    11.    Debtor will testify that, with the exclusion of SKMDV, no other creditors have filed state court collection actions or otherwise pursued collection efforts against it.

    12.    Debtor has filed the instant Motion seeking an Order of the Bankruptcy Court either dismissing this involuntary Bankruptcy Case, or alternatively suspending all proceedings in the Bankruptcy Case in order to allow the Receiver to continue with his duties as promulgated by the State Court.

    13.    In support of its Motion, Debtor directs the Court to its Memorandum of Law in Support of Alleged Debtor's Motion to Dismiss Chapter 7 Bankruptcy Case, or in the Alternative, to Abstain or Suspend All Proceedings in a Chapter 7 Bankruptcy Case, filed contemporaneously herewith.

14. Debtor anticipates that the Receiver will testify that he has over twenty (20) years' experience as a trial and appellate court judge in the state of Missouri and is well qualified to perform the duties of receiver.

15. Debtor anticipates that the Receiver will testify that, prior to the Petition Date, he commenced his duties with respect to the receivership, in that he began taking those actions necessary to secure, protect and preserve the Property.

16. The best interest of the creditors and the Debtor would be served by the dismissal, or, alternatively, the suspension of all proceedings in this Bankruptcy Case.

WHEREFORE, the premises considered, Debtor Green Jacobson, P.C. prays this Court enter its Order dismissing this involuntary Bankruptcy Case, or alternatively suspending all proceedings in the Bankruptcy Case in order to allow the Receiver to continue with his duties as promulgated by the State Court, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

DESAI EGGMANN MASON LLC

By:  /s/ Robert E. Eggmann
ROBERT E. EGGMANN #37374 MO
7733 Forsyth Boulevard, Suite 800
St. Louis, Missouri  63105
(314) 881-0800
Fax No. (314) 881-0820
reggmann@demlawllc.com

Attorneys for Alleged Debtor Green Jacobson, P.C.

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri or via U.S. Mail, postage prepaid, this 25th day of March, 2015, to:

Office of U.S. Trustee
111 South Tenth Street, Suite 6353
St. Louis, MO  63102

David A. Warfield, Esq.
Jan Paul Miller, Esq.
Brian W. Hockett, Esq.
Matthew Guletz, Esq.
Thompson Coburn LLP
One US Bank Plaza
St. Louis, Missouri 63101
Attorneys for Petitioning Creditor SKMDV Holdings, Inc.

*/s/ Robert E. Eggmann*