UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | Case No. 15-41404 |
| GREEN JACOBSON, P.C., | ) | |
| | ) | Involuntary Chapter 7 |
|     Alleged Debtor. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |
| | ) | REPLY IN SUPPORT OF |
| David P. Oetting, Class Representative, | ) | MOTION FOR RELIEF FROM |
| | ) | AUTOMATIC STAY |
|     Movant, | ) | |
| | ) | Hearing Date: April 2, 2015 |
| v. | ) | Hearing Time: 9:30 a.m. |
| | ) | |
| GREEN JACOBSON, P.C., | ) | |
| | ) | |
|     Respondent. | ) | |

David P. Oetting, as class representative for the NationsBank Holder Class in the multidistrict litigation *In re BankAmerica Corp. Securities Litigation*, Case No. 99-MDL-1264 (E.D. Mo.) (the "Class" and the "Class Action" respectively), for his Reply in Support of his Motion for Relief from Automatic Stay [Doc. 8] pursuant to 11 U.S.C. § 362(d)(1), states:

1.    The alleged debtor, Green Jacobson, P.C., ("Debtor") filed its opposition to the Motion for Relief from Stay [Doc. 24] on March 26, 2015 (the "Opposition"). The Debtor argues that the Movant failed to exhibit sufficient hardship or "cause" to meet its initial burden to show cause for stay relief.

2.    To try to make that argument, the Opposition purposefully overlooks:

(A)    That the Malpractice Action is insured, so that Movant would be prejudiced by being deprived of insurance proceeds that are not estate property if he obtains a judgment after reversal;

(B)    That the combination of insurance and the overlap of allegations against nondebtor Defendants make litigation economical and of no hardship to the bankruptcy estate,

because the Debtor can be expected to free-ride the coattails of the other Defendants through trial;

(C)     That absent relief from stay, there is a clear risk of prejudicial confusion and delay at the Eighth Circuit and at the trial court absent an clear order lifting the stay – for example, one Defendant already wrongly has asserted that the automatic stay enjoins all proceedings against all Defendants [Notice of Bankruptcy and Automatic Stay, attached at Exhibit "1"];

(D)     That Debtor's legal fees and costs are likely to be paid by Debtor's malpractice carrier[1] rather than the estate; and

(E)     That Movant would be greatly prejudiced in the malpractice case if an erroneous order dismissing the Malpractice Action for lack of standing is not appealed as to all Defendants; Debtor should not be permitted to offensively use § 362 to shield the dismissal from appellate review or to deprive Movant of complete relief against all Defendants.

3.     The Opposition also purposefully misconstrues facts and law: (A) The Motion actually does not seek to collect a judgment against estate property; (B) the burden to obtain relief in these circumstances actually is entirely possible to meet, and bankruptcy courts often grant relief when the balance of hardships favors the movant; and (C) the Motion does not have to prove the existence of malpractice insurance (on which the Debtor is coyly silent), or prove that the Debtor will not convert to Chapter 11 proceedings so as to need "breathing room" to revive its law practice (despite having closed shop on December 31, 2014).

4.     Comparing the Debtor's motion to dismiss the case (alleging creditor interests need no bankruptcy protections because a receiver can be trusted to liquidate assets) with the Opposition (creditor interests require bankruptcy protection to stop creditor litigation) shows the patent insincerity of Debtor's positions.

5.     Lifting the automatic stay to allow Movant to obtain complete relief against multiple legal malpractice defendants is appropriate because it will result in an economical claim liquidation in District Court, will promote judicial economy, and expeditiously will resolve

---

[1] Brown and James, P.C., entered its appearance on March 24, 2015, to argue the Appeal for all the appellees, including the Debtor.

litigation. *See In re Godt*, 282 B.R. 577 (E.D.N.Y. 2002).[2]  Lifting the stay to allow a creditor to

maintain a malpractice lawsuit commonly is granted:

> Numerous courts have permitted the stay to be lifted when the movant is simply seeking to
> establish the fact and amount of the debtor's liability and, as in this case, the movant has
> stipulated that any recovery will be sought from the debtor's insurer or a codefendant. *See, e.g.,*
> *May v. Wheeler Group, Inc. (In re Wheeler Group, Inc.)*, 75 B.R. 200, 200 (S.D. Ohio 1987)
> (most expeditious way to liquidate claim was to permit foreign action to proceed to conclusion);
> *Elegant Concepts, Ltd. v. Kristiansen (In re Elegant Concepts, Ltd.)*, 61 B.R. 723, 729 (Bankr.
> E.D.N.Y.1986); *In re Nkongho*, 59 B.R. at 86 (risk that state judgment may exceed insurance
> coverage insufficient to justify stay).

*In re Peterson*, 116 B.R. 247, 250-51 (D. Colo. 1990) (upholding relief from stay, reasoning

liability should be established in state court action and may be the only means for the creditor to

recover against insurer; rejecting contention legal fees may cause irreparable harm to the estate).

*See also, In re Kissinger*, 72 F.3d 107 (9th Cir. 1995) (upholding retroactive stay relief to pursue

malpractice action against debtor).

      6.      Movant has met its burden to show cause for relief from stay to prosecute the

Malpractice Action against the Debtor, and ultimately collect insurance proceeds if Movant

prevails at trial.  The burden shifted to Debtor to show cause why relief should not be granted.

*See, e.g. Godt,* 282 B.R. at 584, *citing In re Mazzeo*, 167 F.3d 138, 142 (2d Cir. 1999) (initial

burden on movant to show cause, with burden then shifting to debtor).  The Opposition

completely fails to meet its burden, instead relying on alleged policy considerations rather than

identifying any counterbalancing hardships.

      6.      This Court should grant Movant relief from stay to fully prosecute its Malpractice

Action against all of the Defendants, including issues now on appeal, and to enforce any

---

[2] The Opposition fancifully argues the burden on the Movant to lift the stay in these circumstances is near-impossible to meet, citing *In re Micro Design, Inc.*, 120 B.R. 363, 369 (E.D. Pa. 1990). *Micro Design* involved a creditor holding a simple, uninsured breach of contract claim who sued the debtor in a two-party action. The bankruptcy court correctly ruled that lifting the stay to bring such claims in state court would be wasteful and inefficient. The facts of *Micro Design* are radically dissimilar to those in this case.

judgment against insurance proceeds, against nondebtor Defendants, and through claim

enforcement in these bankruptcy proceedings.

Dated: March 30, 2015.                                    Respectfully submitted,

                                                          By: /s/ Daniel D. Doyle
                                                          Daniel D. Doyle          #36724
                                                          714 Locust Street
                                                          St. Louis, Missouri 63101
                                                          Phone:  (314) 436-8373
                                                          Facsimile:  (314) 621-6844
                                                          ddoyle@lashlybaer.com

                                                          *Attorney for David P. Oetting*


                                                          /s/ David P. Oetting
                                                          Class Representative


## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2015, the foregoing was electronically transmitted via the court CM/ECF system on those requesting electronic notice in this case, and by U.S. Mail to those listed below.

Glenn A. Norton, Receiver
Blitz, Bardgett & Deutsch, LC
120 South Central Avenue, Suite 1650
St. Louis, Missouri 63105

                                                          */s/ Daniel D. Doyle*