UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE | ) Case No. 15-41404-705 |
| | ) |
| GREEN JACOBSON, P.C., | ) Involuntary – Gap Period |
| | ) Chapter 7 |
| Alleged Debtor. | ) |
| | ) OBJECTION TO MOTION FOR |
| | ) RELIEF FROM AUTOMATIC STAY |
| | ) |

COMES NOW, SKMDV Holdings, Inc. (f/k/a DataVerify, Incorporated) ("DataVerify"), by and through its undersigned counsel, and files this objection to the *Motion for Relief from Automatic Stay* (Dkt. No. 8) (the "Motion") filed by David P. Oetting (the "Oetting"). In support of the Objection, DataVerify states as follows:

**Background**

1. DataVerify is the holder of a $10,500,000[1] judgment against Green Jacobson, P.C. ("Green Jacobson") for malpractice entered by the St. Louis County Circuit Court on November 12, 2014 ("Judgment").

2. The Judgment is secured by, among other things, a garnishment lien on insurance proceeds from Green Jacobson's malpractice policy[2] (the "Insurance Proceeds") that are also currently the subject of an interpleader action in St. Louis County Circuit Court, Case No. 15SL-CC00057. According to *Petition for Interpleader and Declaratory Judgment* filed by Federal Insurance Company in the interpleader action, the balance of the Insurance Proceeds equals

---

[1] On January 6, 2015, the Judgment was amended to set the applicable interest rate at 5.25% per annum.

[2] Following entry of the Judgment, DataVerify served a garnishment on Federal Insurance Company on November 21, 2014 (more than 90 days before the Petition Date). Service of the garnishment attached a judgment lien on Federal Insurance Company's obligations to Green Jacobson on the malpractice insurance remaining proceeds securing DataVerify's Judgment. Mo. Ct. Rule 90.04 (service of a garnishment "attaches the property subject to the garnishment in the garnishee's possession or charge or under the garnishee's control.").

$2,558,240.02. The amount of Insurance Proceeds remaining under this policy is not sufficient to pay the Judgment.

3. On March 3, 2015 (the "Petition Date"), DataVerify filed an Involuntary Petition against Green Jacobson commencing the above-captioned Bankruptcy Case in order to protect itself from the activities of Green Jacobson and its shareholders as they attempted to insulate themselves, even after Judgment, from the consequences of Green Jacobson's malpractice.

4. Oetting filed a legal malpractice claim against Green Jacobson and three of its principals, Martin Green, Joe Jacobson, and Jonathan Andres (collectively, the "Principals") on June 15, 2013 in United States District Court for the Eastern District of Missouri (the "District Court"), Case. No. 13-cv-1148-CEJ (the "Oetting Action").

5. On April 11, 2014, the District Court Dismissed the Oetting Action for lack of standing and because claims were barred by collateral estoppel (the "Dismissal Order").

6. Oetting appealed the Dismissal Order to the United States Court of Appeals for the Eighth Circuit (the "Eighth Circuit"), Case No. 14-2380 (the "Appeal").

7. Before the Petition Date, Green Jacobson and the Principals were being defended by Martin Green and Joe Jacobson in the Oetting Action and the corresponding Appeal.

8. The Appeal has been fully briefed and is scheduled for oral argument on April 16, 2015 in St. Louis. Oetting seeks relief from the automatic stay not only to proceed with the Appeal, but also to continue the Oetting Action in the event the Eighth Circuit overturns the Dismissal Order.

**Argument**

9. Section 362(d)(1) permits the Bankruptcy Court to grant relief from the stay "for cause".

10. The Courts have identified several factors to be considered when determining whether cause exists to grant relief from the stay to permit pending litigation to proceed. See generally, In re Johnson, 115 B.R. 634, 636 (Bankr. D. Minn. 1989) (listing seven factors). These factors boil to two fundamental considerations: "first, whether allowing the litigation to proceed will result in 'no great prejudice' to the debtor and the estate; and, second whether a balancing of the respective hardships which would result from the grant or the denial of stay relief favors the debtor or the creditor." Id. (citations omitted); see also In re Blan, 237 B.R. 737, 739 (8th Cir. BAP 1999) ("the court must balance the potential prejudice to the Debtor to the bankruptcy estate, and to the other creditors against the hardship to the moving party if it is not allowed to proceed in state court") (citations omitted).

11. There will be great prejudice to Green Jacobson and the bankruptcy estate should relief be granted at this juncture.

12. Oetting suggests that an award from the Oetting Action will be covered (at least in part) by malpractice insurance, but Oetting does not specify which insurance policy covers the claim. If the Oetting claim is covered by the same insurance policy as DataVerify's judgment, DataVerify has a valid, perfected non-avoidable judgment lien on the insurance policy and its proceeds. At a minimum, Oetting must demonstrate to the Court that its pursuit of its malpractice claim will not adversely affect DataVerify's interest in Green Jacobson's insurance policy.

13.	Oetting also suggests that the Principals will ably defend the Oetting Action with respect to Green Jacobson, presumably because their interests are presumably aligned with Green Jacobson's. The prospect of the Principals representing Green Jacobson is, in fact, quite troubling. The Principals would have every incentive to deflect liability from themselves onto Green Jacobson, their defunct law firm. The drafters of the Bankruptcy Code wisely require that counsel for a debtor meet stringent disinterestedness requirements. It is difficult to imagine a less disinterested lawyer than one whose own personal liability could be affected by the result obtained for his client.

14.	Additionally, there exists a substantial threshold bankruptcy-law issue before the Court that needs to be addressed before the claim against the debtor should be fixed and liquidated. The Court should first determine whether relief will be entered on the Involuntary Petition. The chapter 7 trustee is entrusted with administering the estate on behalf of a debtor's creditors. In re Cowan, 235 B.R. 922, 924 (Bankr. W.D. Mo. 1999) ("A bankruptcy trustee is a fiduciary of the estate's creditors, and his duty to collect and conserve the assets of the estate and to maximize distribution to creditors is a fiduciary obligation."); see 11 U.S.C. § 704(a). After an order for relief is entered in this case and a chapter 7 trustee is appointed, the trustee will represent the interests of the estate in connection with any claim that Oetting may have against Green Jacobson. Permitting the Appeal and the Oetting Action to proceed unabated will leave the trustee with potential results that trustee will not have the opportunity to defend on behalf of the estate. This will impose a substantial prejudice to the estate and the trustee, should one be appointed.

15.	The balancing of the hardships at this stage in this Bankruptcy Case clearly weighs in favor of denying relief from the automatic stay.

16.     Even if the Dismissal Order is reversed by the Eighth Circuit in the Appeal, the Oetting Action has not advanced beyond the initial pleadings. Instead, the Oetting Action was dismissed before an answer was even filed. The Oetting Action is far from trial ready. The burden on the estate in litigating the Oetting Action outside of this Court will likely be substantial.

17.     Oetting's probability of success on the merits is highly speculative in this instance. Oetting is an unsecured creditor holding a disputed, unliquidated claim that has been dismissed by United States District Judge Carol E. Jackson because the District Court determined that Oetting lacked standing and because his claims were barred by collateral estoppel. This factor clearly weighs if favor of not granting relief from the automatic stay.

18.     . If an order for relief is entered, a trustee should have the opportunity to review the Oetting claims and make an independent decision on how to proceeds. It is simply too early in this case for any particular creditor to liquidate a claim that could bind a subsequently appointed trustee. Oetting simply has no compelling reason to burden a trustee, who has not been appointed yet, with the litigation at this point in this bankruptcy case.

WHEREFORE, Petitioning Creditor DataVerify requests that this court enter an order denying Oetting relief from the automatic stay and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

THOMPSON COBURN LLP


By_/s/ Brian W. Hockett_
    David A. Warfield, 34288MO
    Jan Paul Miller, 58112MO
    Brian W. Hockett, 52984MO
    THOMPSON COBURN LLP
    One US Bank Plaza
    St. Louis, Missouri  63101
    314-552-6000
    FAX 314-552-7000
    dwarfield@thompsoncoburn.com
    jmiller@thompsoncoburn.com
    bhockett@thompsoncoburn.com

Attorneys for Petitioning Creditor
SKMDV Holdings, Inc. (f/k/a DataVerify Incorporated)


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served on all parties on the Court's electronic notice list on the 31st day of March, 2015.


_/s/ Brian W. Hockett_

- 6 -