UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 15-41404-705 |
| | ) | Honorable Charles E. Rendlen, III |
| GREEN JACOBSON, P.C., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | **TRUSTEE'S MOTION TO ABANDON** |
| | ) | **CLIENT FILES IN OFFSITE STORAGE** |
| | ) | **FACILITY** |
| | ) | |
| | ) | Hearing Date:  June 10, 2015 |
| | ) | Hearing Time:  9:30 a.m. |

**TRUSTEE'S MOTION TO ABANDON
CLIENT FILES IN OFFSITE STORAGE FACILITY**

COMES NOW David A. Sosne (the "Trustee"), Chapter 7 Trustee for the bankruptcy estate of Green Jacobson, P.C. (the "Debtor"), by and through his counsel, and for his Motion to Abandon Client Files in Offsite Storage Facility (the "Motion"), pursuant to 11 U.S.C. section 554(a), respectfully states as follows:

1. On or about March 3, 2015 (the "Petition Date"), one or more creditors filed an involuntary petition in the United States Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court") against Debtor.

2. The Order for Relief was entered in this case on April 16, 2015, and Trustee was appointed as the Chapter 7 Trustee of Debtor's bankruptcy estate contemporaneously therewith.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334 and Rule 9.01 of the Local Rules of the United States District Court, Eastern District of Missouri.  This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The Trustee brings this Application pursuant to 11 U.S.C. § 554(a) and Federal Rule of Bankruptcy Procedure 6007(a).

4. The Debtor operated as a law firm until approximately December 31, 2014. Upon cessation of Debtor's business, its former attorneys formed three independent firms. The Trustee received notice that most, if not all, of Debtor's active clients/ongoing representations transferred their files and business to one of the newly formed firms or other unrelated firms prior to the Petition Date.

5. Additionally, the Trustee learned that the non-active and closed files, with some exceptions, of the Debtor have not yet been transferred to another attorney and remain in one of two locations: (i) Debtor's former place of business located at 7733 Forsyth Blvd # 700, St. Louis, MO 63105 (the "Office") or (ii) a storage facility named "The File Room" located at 4107 Rider Trail N, Earth City, MO 63045 ("TFR").

6. To the best knowledge of the Trustee, the closed and/or inactive client files located at the Office (the "Office Files") generally are more recent closed files and are not subject to destruction under applicable non-bankruptcy law. The Trustee visited the Office, visually accounted for all Office Files and requested a list of all Office Files from the Debtor.

7. Additionally, the Trustee received information that there are between 800 - 1,400, boxes of older, non-active and closed client files of the Debtor located at TFR (the "TFR Files"), the majority of which may be subject to destruction under applicable non-bankruptcy law.

8. To the extent the Debtor possessed an interest in the Office Files and the TFR Files, the Trustee believes such interest(s) may now be property of the estate.

9. Presently there are no storage charges for maintaining the Office Files at the Office and, given the age of the files, some of the Office Files may be useful to the Trustee in collecting accounts receivable[1]. As for the TFR Files, however, the Trustee can discern no

---

[1] At a later date, the Trustee may abandon the Office Files as well.

1628753-1                                       2

benefit to the bankruptcy estate in retaining them, and the storage costs for the TFR Files amount to approximately $500.00 a month.

10.     Unlike with patient records, the Bankruptcy Code is silent as to how the Trustee should maintain or dispose of the Office Files or the TFR Files. The Trustee researched how bankruptcy trustees in other law firm bankruptcies managed client files and discovered that many instituted a file destruction process similar to that described in section 351 of the Bankruptcy Code.

11.     Notwithstanding the foregoing, after careful consideration of the facts and circumstances of this case, as well as the Missouri Rules of Professional Conduct, the Trustee believes destruction of the TFR Files is not in the best interest of the bankruptcy estate or the clients whose files remain at TFR, to wit:

    a.     the cost of establishing a destruction process, notifying all of the respective attorneys and former clients that may have an interest in the TFR Files, and destroying the clients files would be substantial;

    b.     the Trustee has a list of all former clients whose files are located at TFR but cannot confirm the addresses for the former clients, absent a review of each file. Moreover, there is no guarantee that the last known addresses contained in the TFR Files are accurate, given the age of most of the files;

    c.     the Trustee has no way to confirm the number of years the TFR Files have been retained and whether such are subject to destruction under applicable non-bankruptcy law; and

    d. absent a review of each individual TFR File, which would be unduly burdensome and expensive, the Trustee cannot confirm whether the TFR Files contain original, estate planning and/or other documents that are not subject to destruction[2].

  12. Rule 4-1.22 of the Missouri Rules of Professional Conduct places an obligation on each former attorney of the Debtor to retain the TFR Files, preserve all documents contained therein and, when authorized, appropriately destroy the TFR Files. Moreover, the Trustee's attorneys discussed this matter with the Missouri Bar and believe that it does not oppose the Trustee's position.

  13. As the TFR Files provide no benefit to the bankruptcy estate, the cost of retaining the TFR Files is a detriment to the bankruptcy estate, and the former attorneys of the Debtor have an ethical and professional responsibility to ensure the proper care, maintenance and destruction of the TFR Files, the Trustee seeks to abandon all TFR Files pursuant to 11 U.S.C. Section 554(a).

  14. The Trustee notes that abandonment of the TFR Files will not prejudice the various former clients or create additional responsibilities for the former attorneys of the Debtor, as the TFR Files are securely stored with TFR and the attorneys already have a responsibility to protect and preserve these files. Moreover, the Trustee submits that the former attorneys of the Debtor are in a better position than he to contact the multiple former clients and make arrangements for the return, retention or destruction of the files.

  15. Each and every former attorney of the Debtor that the Trustee has knowledge of will receive notice of this Motion.

---

[2] The Debtor has advised the Trustee that it did not provide estate planning services and that there are no known stored documents that would be of interest to the Trustee. The Debtor's attorneys are in a better position than the Trustee to address such issues.

1628753-1    4

WHEREFORE, Trustee requests that this Court enter an order authorizing the abandonment all TFR Files and granting such other and further relief as this Court deems just and proper.

                        Respectfully Submitted,
                        SUMMERS COMPTON WELLS LLC

Date:  May 19, 2015            By: /s/ Brian J. LaFlamme
                        Brian J. LaFlamme, #49776MO
                        Attorney for Trustee
                        8909 Ladue Road
                        St. Louis, MO 63124
                        (314) 991-4999/(314) 991-2413 Fax
                        blaflamme@summerscomptonwells.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri to the parties requesting service by electronic filing.  I hereby also certify that a copy of the foregoing was served via United States Mail, first class postage prepaid, on the date of the electronic filing of this document to those individuals and entities not requesting service by electronic filing.  The individuals and entities being served electronically or by mail are:

United States Department of Justice
U.S. Trustee's Office
111 S. 10th Street, Ste. 6353
St. Louis, MO 63102

Petya B. Vassilev
Summers Compton Wells LLC
8909 Ladue Road
St. Louis, MO 63124

David T. Ahlheim
Childress Ahlheim Cary LLC
1010 Market Street, Suite 500
St. Louis, MO 63101

David A. Warfield
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101

Robert E. Eggmann
Desai Eggmann Mason LLC
7733 Forsyth Boulevard, Suite 800
Clayton, MO 63105

Thomas H. Riske
Desai Eggmann Mason LLC
7733 Forsyth Blvd., Suite 800
Clayton, MO 63105

Brian W. Hockett
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101

Thomas J. Magee
HeplerBroom, LLC
211 North Broadway, Suite 2700
St. Louis, Missouri 63102

1628753-1                      5

| | |
|---|---|
| Fernando Bermudez<br>7733 Forsyth Boulevard<br>Suite 700<br>Clayton, MO 63105 | Martin M. Green<br>Law Offices of Martin M. Green, P.C.<br>7733 Forsyth Blvd., Suite 700<br>Clayton, MO 63105 |
| David T. Butsch<br>Butsch Roberts & Associates LLC<br>231 South Bemiston Avenue<br>Suite 260<br>Clayton, MO 63105 | Joe Jacobson<br>Jacobson Press & Fields, P.C.<br>168 North Meramec Ave., Suite 150<br>Clayton, MO 63105 |
| Jonathan F. Andres<br>Jonathan F. Andres, P.C.<br>7733 Forsyth Blvd., Suite 700<br>Clayton, MO 63105 | Allen Press<br>Jacobson Press & Fields, P.C.<br>168 North Meramec Ave., Suite 150<br>Clayton, MO 63105 |
| Timothy J. Lemen<br>Rossiter & Boock, LLC<br>124 Gay Avenue<br>St. Louis, MO 63105 | Matthew Vianello<br>Jacobson Press & Fields, P.C.<br>168 North Meramec Ave., Suite 150<br>Clayton, MO 63105 |

Date:  May 19, 2015                               /s/ Marquita Monroe

1628753-1                                6