# EXHIBIT C

Electronically Filed - St Louis County - November 21, 2014 - 02:23 PM



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: 4 | Case Number: 11SL-CC02664 | |
|---|---|---|
| Petitioner(s):<br>SKMDV Holdings Inc.<br><br>v.<br><br>Respondent(s):<br>Green Jacobson, P.C. | Please Issue:<br>☐ General Execution  ☑ Garnishment  ☐ Sequestration<br>For:  ☐ Real Estate Levy   ☐ Replevin<br>☐ Vehicle Levy  ☑ Other Personal Property Levy<br>☑ Bank Account   ☐ Wages<br>Date Judgment Entered Against Debtor:<br>November 12, 2014<br>Original Amount of Judgment: 10,500,000.00 | (Date File Stamp)<br><br>Requested Return/End Date:<br>For Executions:<br>☐ 30 Days  ☐ 60 Days  ☐ 90 Days<br>For Garnishments:<br>☑ 30 Days  ☐ 60 Days  ☐ 90 Days<br>☐ 120 Days  ☐ 150 Days  ☐ 180 Days |

## Execution/Garnishment/Sequestration Application and Order
(This form must be completed in full or your request will be returned unprocessed.)

| To (County/City of St. Louis): St. Louis County | Amount Remaining Unpaid<br>(To be completed by Applicant) | |
|---|---|---|
| Debtor Name/Address:<br>Green Jacobson, P.C.<br>7733 Forsyth Blvd., Suite 700, Clayton, MO 63105 | Principal | $ 10,500,000.00 |
| | Interest   (9% interest) | $ 23,301.37 |
| | Court Costs (paid by party/atty) | $ |
| | Service Fee Paid (Including this Application) | $ 96.00 |
| Debtor SSN (last four digits):  – | Attorney Fees | $ |
| Requested For:  Petitioner | Date: November 21, 2014 | Taxes | $ |
| Attorney:  Brian W. Hockett | Missouri Bar No.: 52984 | Child Support/Maint under 12 wks. | $ |
| A judgment was entered on the above referenced date and remains unsatisfied. | Child Support/Maint over 12 wks. | $ |
| The garnishor knows or has good reason to believe that the garnishee is indebted to debtor, that the garnishee is obligated to make periodic payments to debtor, or that the garnishee has control or custody of property belonging to debtor.<br>Signature: _____<br>Address & Telephone Number: Thompson Coburn LLP, One US Bank Plaza<br>St. Louis, MO 63101; (314) 552-6461 | Subtotal | $ 10,523,397.37 |
| | To Be Completed by Clerk | |
| | Costs Due to Court | $ |
| | Sheriff's Commission | $ |
| | Service Fee Unpaid | $ |
| | Total Due | $ |

To be completed by Applicant:

| Garnishee Name and Address:<br>Enterprise Bank & Trust<br>1281 N. Warson Rd.<br>St. Louis, MO 63132<br><br>Garnishee ID # (court use only): _____ | Instructions for Service: Include applicable instructions such as description of property; location of bank account; for a sequestration, include political subdivision, department, and name and title of disbursing officer.<br>Serve: Enterprise Bank & Trust at 1281 N. Warson Rd., St. Louis, MO 63132 on any officer, managing or general agent or person having charge of the office. Garnish all bank accounts at Enterprise Bank of judgment debtor Green Jacobson, P.C. |
|---|---|

### Writ of Execution (To be completed by Court Clerk)
**The State of Missouri to the Sheriff of any County in the State of Missouri**

Because a judgment was entered against the above debtor in this court and there is a balance, accrued interest, and costs as stated above unpaid from said judgment, you are commanded to execute this writ by following the instructions on the reverse side of this writ and on the return date shown below to certify to this court how you executed this writ. Remittance must include: Case Number & Execution/Garnishment Number.

Mail Funds To: Office of the Circuit Clerk, P.O. Box 16994, Clayton, MO 63105-6994

| COURT SEAL OF ST. LOUIS COUNTY | Issue (County): | Document ID: |
|---|---|---|
| | Date Issued: | Return Date: |
| | By (Clerk): | |

### Summons and Instructions to Garnishee
**To the Above-Named Garnishee:**

You are notified that I attach all goods, personal property, money, credit, bonds, bills, notes, checks, choses in action, or other effects and all debts owed to the above named debtor that are in your possession or charge, or under your possession or charge, or under your control from this time until the return date or a sufficient sum to satisfy the total amount of garnishment shown above. You are further notified to file your answers to the interrogatories served within ten days after the above return date.

| Date: | Sheriff/Server: |
|---|---|
| County: | Service Acknowledged By: |

## Sheriff or Server's Return

I certify that I have served this summons/writ:
☐ By delivering a copy of the summons/writ to the garnishee.
☐ By leaving a copy of the summons/writ at the dwelling place or usual abode of each of the garnishees with _____, a person of the garnishee's family over the age of 15 years.
☐ Other _____

Served in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Sheriff/Server

**Service Fees**
Summons/Writ                    $_____
Non Est                         $_____
Sheriff's Deputy Salary
Supplemental Surcharge          $  10.00
Mileage                         $_____  (_____ miles @ $_____ per mile)
Total                           $_____

## Instructions to Sheriff/Server

**General Execution**
You are commanded to execute this writ by levying upon the debtor's property.

**Garnishment**
You are commanded to summon the garnishee and attach the property subject to garnishment in the garnishee's possession or charge or under the garnishee's control between the time notice is served and the return date.

**Sequestration on Public Employer**
You are commanded to take into your possession, any and all moneys, checks, drafts, warrants, vouchers, or other evidence of indebtedness, for salary, wages, fees or earnings for services rendered by said debtor now due and payable, or which shall hereafter become due and payable from the date of this writ to the return day thereof, now in the hand of said paying, disbursing or audit officer, or that shall come into his/her hands before the return day of this writ, or so much thereof as shall be necessary to satisfy the amount of judgment debt, interest, costs and fees due and allowed by law for serving this writ, and issue therefore your receipt; that you endorse in the name of said debtor, any and all such checks, drafts, warrants, vouchers, or other evidence of indebtedness, and convert the same into cash; that you serve a true copy of this writ upon the paying, disbursing or auditing officer; and that you certify to this court the manner in which you execute this writ.

## Applicable Provisions Relating to Garnishments

**525.030 RSMo**
2. The maximum part of the aggregate earnings of any individual for any workweek, after the deduction from those earnings on any amounts required by law to be withheld, which is subjected to garnishment may not exceed (a) twenty-five per centum, or, (b) the amount by which the individual's aggregate earnings for that week, after the deduction from those earnings of any amounts required to be withheld by law, exceed thirty times the federal minimum hourly wage prescribed by section 6(a)(1) of the Fair Labor Standards Act of 1938 in effect at the time of the earnings are payable, or (c) if the employee is the head of a family and a resident of this state, ten per centum, whichever is less.
The restrictions on the maximum earnings subjected to garnishment do not apply in the case of any order of any court for the support of any person, and order of any court of bankruptcy under chapter XIII of the Bankruptcy Act or any debt due for any state or federal tax.
For pay periods longer than one week, the provisions of subsection 2(a) and (c) of this section shall apply to the maximum earnings subjected to garnishment for all workweeks compensated, and under subsection 2(b) of this section, the "multiple" by which the federal minimum hourly wage equivalent to that applicable to the earnings subject to garnishment for one week shall be represented by the following formula: The number of workweeks or fractions thereof (x) x 30 x the applicable federal minimum wage. For the purpose of this formula, a calendar month shall be considered to consist of 4 1/3 workweeks, a semimonthly period to consist of 2 1/6 weeks. The "multiple" for any pay period longer than one week shall be computed in a manner consistent herewith.
The restrictions on the maximum amount of earnings subjected to garnishment shall also be applicable to all proceedings involving the sequestration of wages of employees of all political subdivisions.
The term "earnings" as used herein means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.
5. No employer may discharge any employee by reason of the fact that the employee's earnings have been subjected to garnishment or sequestration for any one indebtedness.
6. Whoever willfully violates the provisions of subsection 5 of this section is guilty of a misdemeanor.

**15 U.S.C. 1672 Restrictions on Garnishment – Definitions**
For the purposes of this subchapter (a) the term "earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program. (b) The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld. (c) The term "garnishment" means any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt.

**15 U.S.C. 1673 Restrictions on Garnishment – Maximum Allowable Garnishment**
(b)(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed:
(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and
(B) where such individual is not supporting a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week; except that, with respect to the disposable earnings of any individual for any workweek, the 50 per centum specified in clause (A) shall be deemed to be 55 per centum and the 60 per centum specified in clause (B) shall be deemed to be 65 per centum, if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.

**Partial List of Exempt Property**
Certain property cannot be taken to satisfy a general execution, garnishment, or sequestration. This is called exempt property. A partial list of exempt property is noted below. However, for a complete listing of all exempt property, you should consult Sections 513.430 and 513.440, RSMo or speak with an attorney. Some items of exempt property include:

1. Household furnishings, household goods, wearing apparel, appliances, books, animals, crops or musical instruments held for personal use. However, the total value of the items cannot exceed $3,000;
2. A wedding ring, not to exceed $1,500 in value, or other jewelry, not to exceed a total value of $500;
3. "Tools of the trade", not to exceed a total of $3,000 in value;
4. Any motor vehicles, not to exceed $3,000 in value in the aggregate;
5. Any mobile home used as a principal residence, but not where the debtor has an ownership interest in the real estate on which the home sits, and not to exceed a value of $5,000;
6. Professionally prescribed health aids;
7. Any other property of any kind, not to exceed a total value of $600;
8. Any unmatured life insurance policies, other than a credit life insurance contract;
9. Social Security benefits, unemployment compensation, or public assistance benefits;
10. Veteran's benefits;
11. Disability, illness or unemployment benefits;
12. Alimony, support or separate maintenance, not to exceed $750 per month;
13. Certain assets held in trust by an employer for the benefit of an employee;
14. Certain retirement plans, health savings plans, or similar plans including an inherited account or plan qualified under the Internal Revenue Code; however, see note at the bottom; and
15. For head of household, $1,250 plus $350 for each unmarried dependent child under the age of 21 years or disabled dependent; however, 10% of any debt or income due the debtor is subject to execution, garnishment, or sequestration.

**NOTE:** No money or assets payable under a retirement plan qualifying under the Internal Revenue Code are exempt from execution, garnishment, or sequestration for the purpose of collecting child support or maintenance due under a valid judicial or administrative order.

**In the**

# CIRCUIT COURT
**Of St. Louis County, Missouri**

For File Stamp Only

SKMDV Holdings Inc.
Plaintiff

vs.

Green Jacobson, P.C.
Defendant

11/14/2014
Date

11SL-CC02664
Case Number

_____
Execution/Garnishment #

## INTERROGATORIES TO GARNISHEE

Enterprise Bank & Trust
1281 N. Warson Rd.
St. Louis, MO 63132
GARNISHEE

Green Jacobson, P.C.
JUDGMENT DEBTOR

**Instructions:** You are to answer interrogatories **under oath** during the ten (10) days immediately after the return date of the writ and mail the **original** to:

OFFICE OF THE CIRCUIT CLERK
St. Louis County
P.O. Box 16994
Clayton, MO 63105-6994

Remittance must include:
CASE NUMBER AND
EXECUTION/GARNISHMENT
NUMBER

and a copy to the attorney for the judgment creditor (or the judgment creditor individually if there is no attorney) stated on this form.

1. At the time of service of garnishment or at any time thereafter until the return date stated in the summons of garnishment, have you had in your possession or under your control any property, money (excluding wages, salary, and commissions), or other effects of the judgment debtor? If so, state what property, how much, or what value, and what money or effects.

   **Answer:**

2. At the time of service of the garnishment, or at any time thereafter until the return date stated in the summons of garnishment, did you owe the judgment debtor any money (including wages, salary, and commissions), or do you owe the judgment debtor any now?

   **Answer:**

   **If not yet due: When will it become due?**

   If amount owed judgment debtor is for wages, salary, or commission state:

   a. Amount owed after deductions required by law $ _____. (Deductions required by law are limited to federal, state, and city income and earnings taxes and FICA taxes.)

   b. Amount withheld pursuant to the garnishment $ _____.

3. Is the judgment debtor still within your employ? ☐ Yes ☐ No   If not, state the date his/her employment terminated.

   **Answer:**

4. At the time of service of the garnishment, or any time thereafter until the return date stated in the summons of garnishment, will you or have you since become or are you now bound in any contract to pay the judgment debtor money not yet due?
   ☐ Yes ☐ No   If so, state the amount to be paid out and when due and payable.

   **Answer:**

5. Do you know of any person or entity, other than the judgment debtor, who claims an ownership interest in any property, money or effects of the judgment debtor or any amounts owed to the judgment debtor as disclosed by you in answer to interrogatories 1, 2, and 4? If so, please provide the name and address of each such person or entity and identify the property, money or effects of the judgment debtor in which each such person or entity claims an interest?

   **Answer:**

Electronically Filed - St Louis County - November 21, 2014 - 02:23 PM

6. If garnishee is a bank or other financial institution, state whether at the time the writ of garnishment was served or at any subsequent time did the debtor have funds on deposit in an account in which all funds are deposited electronically on a recurring basis and reasonably identified as being funds on deposit that are exempt from garnishment pursuant to Section 513.430.1 (10)(a), (b), or (c), RSMo.
☐ Yes ☐ No   If so, identify each account, state the reason for the believed exemption, and identify the entity electronically depositing those funds.

**Answer:**

The undersigned being duly sworn, on oath states that he/she has read the foregoing interrogatories and the answers given are true to the best of affiant's knowledge and belief.

_____
SIGNATURE OF GARNISHEE

The foregoing answers to interrogatories were subscribed and sworn to me on_____

NOTARY PUBLIC _____
My Commission expires: _____

Attorney for Judgment Creditor

Brian W. Hockett _____

Thompson Coburn LLP _____

One US Bank Plaza _____

St. Louis, MO  63101 _____

CCCDT67    Rev. 08/12

# NOTICE

## Rule 90.07(b) Answer to Interrogatories - Time for Filing

The garnishee shall file and serve verified answers to the interrogatories within ten (10) days after the return date of the writ.

## Rule 90.10 Discharge of Garnishee-Judgment in Garnishment

(a) If the garnishee admits in its answers to interrogatories that any property subject to garnishment is in the garnishee's possession, the garnishee, without further order of the court, shall pay or deliver such property into court no later than ten (10) days after the return date of the writ of garnishment or levy.  Timely payment of delivery of such property into court thereby discharges the garnishee from further liability on account of the property subject to garnishment so paid or delivered.

CCCDT67    Rev. 08/12