**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**Eastern Division**

| | | |
|---|---|---|
| In re: | ) | In Proceedings Under Chapter 7 |
| | ) | |
| GREEN JACOBSON, P.C., | ) | Case No.: 15-41404-705 |
| | ) | |
| Debtor. | ) | |
| | ) | MOTION FOR ORDER ALLOWING |
| | ) | PRIORITY GAP CREDITOR CLAIM |
| | ) | PURSUANT TO 11 U.S.C§§502(f) AND |
| | ) | 507(a)(2) |

**MOTION FOR AN ORDER ALLOWING PRIORITY GAP CREDITOR CLAIM**
**UNDER 11 U.S.C. §§502(f) and 507(a)(2)**

Jacobson Press & Fields P.C. ("JPF") files its Motion for Order Allowing Priority Gap Creditor Claim Pursuant to 11 U.S.C. §§502(f) and 507(a)(2).

In support of its motion, JPF states:

1. On March 3, 2015, an involuntary petition in bankruptcy was filed against Green Jacobson, P.C. (the "Debtor"). Debtor consented to an order for relief under Chapter 11 of the United States Bankruptcy Code on April 15, 2015.

2. JPF is co-class counsel for a group of 2300 former TWA pilots in a class action case in the U.S. District Court for the District of New Jersey, *Brady v. Air Line Pilots Assoc., Int'l*, Civil No. 02-2917 (the "TWA Pilots Case"). A copy of a District Court Order confirming the status of Allen Press, Joe Jacobson, and JPF as class counsel is attached as **Exhibit A**. Before Debtor ceased the practice of law at the end of 2014, Debtor was co-class counsel for the former TWA pilots.

1

3. At the time Debtor ceased the practice of law, it had an expectation of potential legal fees of approximately $3.8 million in the TWA Pilots Case. This expectation was contingent upon successfully defeating two appeals pending in the United States Court of Appeals for the Third Circuit. One appeal would dramatically reduce the fees available to Debtor by redirecting up to 40% to a law firm that had served as class counsel for the TWA pilots before Debtor was appointed co-class counsel. The second appeal would potentially reduce the total fees available to all class counsel by more than half, requiring Debtor to reimburse the class for fees it previously received. If both appeals were successful, Debtor would have to reimburse the class for fees it previously received ***and*** would have to transfer up to 20% of the remaining prior fees it received to the predecessor class counsel.

4. Between January 5 and April 15, 2015 (and thereafter), JPF provided legal services in the amount of $51,411.50 to oppose the two appeals, preserve the potential legal fees to which Debtor has a claim in the TWA Pilots Case, and to avoid Debtor having to reimburse the class or transfer to predecessor class counsel for legal fees Debtor had already received in that case. A copy of JPF's invoice through April 15, 2015 is attached as **Exhibit B**.

5. JPF's claim for services rendered from March 3, 2015 through April 15, 2015 should be entitled to priority under 11 U.S.C. §507(a)(2) because it performed services to and on behalf of the Debtor during the "gap period".

6.    JPF's invoice (Exhibit B) states JPF's legal fees using the New Jersey market's prevailing hourly rate of $630 per hour, which is the rate approved by the District Court for Allen Press and Joe Jacobson in the TWA case.

7.    The invoice reflects "no charge" for all work that JPF performed on the TWA Pilots Case during the period ending April 15, 2015 that was not directly connected to opposing the two appeals to preserve Debtor's claimed and previously-received legal fees.

8.    **Exhibit C** consists of excerpts from the Consolidated Joint Appendix filed in the pending Third Circuit appeals[1] reflecting the District Court's approval of the $630 per hour rate. Appendix 761 is the first page of a Declaration of Allen P. Press submitted to the District Court in support of the award of attorneys' fees. Appendix 764-65 is a portion of Press's Declaration in which he asserts the he "applied the range of prevailing rates in the New Jersey market for lawyers with similar experience and skills…" Appendix 766 is a chart showing the lodestar calculation for Debtor's legal services in the TWA case, showing the hourly rate of $630 per hour for both Press and Jacobson. Appendix 14 is the first page of the transcript of the Fairness Hearing held May 27, 2014 in the District Court at which the legal fees to be awarded were among the issues to be determined. Appendix 75-78 is a portion of the transcript in which the District Court finds that the submitted hourly rates are reasonable rates for the market in which the TWA case had been pending.

---

[1] The two appeals were consolidated for briefing and argument.

9. Under the Bankruptcy Code, "gap" creditors are those creditors in involuntary cases who do business with, or extend credit to, debtors after the filing of the involuntary petition and prior to entry of an order for relief. 11 U.S.C. §507(a)(2). Section 502(f) states:

> In an involuntary case, a claim arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee and the order for relief shall be determined as of the date such claim arises, and shall be allowed under subsection (a), (b), or (c) of this section or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

11 U.S.C. § 502(f).

10. JPF's claim arose after the involuntary petition was filed and before the order of relief. While the retention of JPF was entered into pre-petition, the events that give rise to the right of payment occurred during the gap period, thus making JPF a gap creditor. Further JPF's claim is entitled to priority status since the services rendered during the gap period were rendered in the ordinary course of the Debtor's business or financial affairs as they then existed and were for the purpose of preserving Debtor's largest asset, its claim for anticipated legal fees as former co-class counsel in the TWA Pilots Case.

11. If the Court should determine that JPF is not entitled to its fees for its legal services at the $630 per hour rate approved by the District Court in the TWA case, but should be limited to its usual, Missouri hourly rates, the fees under these reduced hourly rates is easily calculated. Exhibit B shows that the portion of the fee

4

attributable to Joe Jacobson is $49,206.50. Reducing the hourly rate from $630 per hour to Jacobson's usual hourly rate of $350 per hour reduced this portion of the fee to $27,336.95. Similarly, the $2,205 portion of the fee attributable to Allen Press, if calculated at Press's usually hourly rate of $300 per hour rather than $630 per hour results in a fee of $1,050. Thus, in the alternative, if the court-approved rates are not used, the total claim made by JPF for its legal services on behalf of the Debtor through April 15, 2015 is $28,386.95.

WHEREFORE, Jacobson Press & Fields P.C. requests that this Court enter an order granting this Motion, allowing and directing the Trustee to make immediate payment of JPF's Priority Gap Creditor Claim under 11 U.S.C. §§502(f) and 507(a)(2), and granting JPF such additional relief as the Court deems just and proper.

Respectfully submitted,

JACOBSON PRESS & FIELDS P.C.

By:   /s/ Joe D. Jacobson
Joe D. Jacobson, No. 33715 Missouri
Allen P. Press, No. 39293 Missouri
168 N. Meramec Ave., Suite 150
Clayton, MO 63105

Tel: (314) 899-9789
Fax: (314) 899-0282
Email: Jacobson@ArchCityLawyers.com
Email: Press@ArchCityLawyers.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this pleading was served to all interested parties requesting service by electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri, and by U.S. Mail, postage prepaid, this 6th day of July 2015, to:

>Office of U.S. Trustee
>111 South Tenth Street, Suite 6353
>St. Louis, MO 63102

    /s/ Joe D. Jacobson