UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

### Nos. 14-2961 & 14-3128

---

Patrick Brady, *et al.*,

*Plaintiffs*

v.

Air Line Pilots Association, International,

*Defendant,*

| | |
|---|---|
| CURETON CLARK, P.C. | THEODORE A. CASE, |
| *Intervenor-Appellant* | *Appellant.* |

---

### CONSOLIDATED JOINT APPENDIX
### VOLUME I
### (PAGES 1-13)

---

ON APPEAL FROM THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE
CIVIL ACTION NO. 02-CV-2917

Thomas J. Hagner, Esq.
Andrew T. McGuire, Esq.
HAGNER & ZOHLMAN, LLC
57 Kresson Road
Cherry Hill, NJ 08034
Telephone: (856) 663-9090

*Attorneys for Intervenor/Appellant*

# CONSOLIDATED JOINT APPENDIX

## TABLE OF CONTENTS

| Volume I | Page |
|---|---|
| 1. **Docket 620:** Notice of Appeal as to 617 Order on Motion to Intervene, Order on Motion for Settlement, Order on Motion for Attorney Fees by Cureton Caplan, P.C. | 1 |
| 2. **Docket 623:** Notice of Appeal as to 617 by Theodore A. Case. | 2 |
| 3. **Docket 617:** Final Order and Judgment; Granting in Part and Denying in Part 600 Motion to Intervene as set forth in the Final Order and Judgment; Granting 602 Motion for Settlement; Granting with Modifications as set forth in the Final Order and Judgment 603 Motion for Attorney Fees; Granting 604 Motion for Settlement; Granting with Modifications as set forth in the Final Order and Judgment 605 Motion for Settlement. Ordered Case Dismissed with Prejudice. | 5 |

| Volume II | Page |
|---|---|
| 4. **Docket 619:** Transcript of Proceedings held on 5/27/2014 Before Judge Joseph E. Irenas | 14 |
| 5. **Record and Docket Sheet Available through ECF:** (Current as of January 7, 2015) Certified by the Clerk's Office to be the Certified List in Lieu of the Record and/or the Certified Copy of the Docket Entries (See Docket Entries 620, 623). | 186 |
| 6. **Docket 14**: Answer to Complaint, Jury Demand, Counterclaim & Crossclaim by Defendants, Leroy "Bud" Bensel, James Arthur, Theodore Case, Matthew Comlish, Darshanprit Dhillon, Lemuel Dougherty, Michael Finucan, Hefley, Howard Hollander, Sally Young, and Robert T. Pastore. | 270 |

7.  **Docket 26:** 314
    Amended Answer; Jury Demand, and Counterclaim by Defendants Leroy "Bud" Bensel, James Arthur, Theodore Case, Matthew Comlish, Darshanprit Dhillon, Lemuel Doughterty, Michael Finucan, Hefley, Howard Hollander, Sally Young, Robert T. Pastore and Aviation Workers against Plaintiff Allied Pilots Association and Crossclaim against Defendant American Airlines.

8.  **Docket 45:** 372
    Second Amended Restated Complaint by Plaintiffs Leroy "Bud" Bensel, *et al.*, amending 1-1 Complaint adding as Plaintiff, Patrick Brady, against Defendants Air Line Pilots and TWA Airlines, LLC, with Jury Demand and Certification of Service.

9.  **Docket 48:** 412
    Order Granting Motion for Class Certification.

10. **Docket 49:** 416
    Order Realigning the Parties

11. **Docket 91:** 419
    Opinion of the District Court of July 18, 2003

12. **Docket 92:** 448
    Order Granting 72-1 Dispositive Motion to Dismiss or in the Alternative, for Summary Judgment Dismissing without Prejudice 69-1 Dispositive Motion to Dismiss Counts I through IX of Plaintiffs' Second Reinstated Complaint; Granting 66-1 Dispositive Motion to Dismiss the Second Amended Restated Complaint; and Denying Plaintiffs' Motion for Attorney Fees and Costs.

13. **Docket 93:** 450
    Notice of Appeal filed by Leroy "Bud" Bensel re: 92-1 Order.

14. **Docket 98:** 451
    Mandate of the U.S.C.A. as to 93 Notice of Appeal filed by Leroy "Bud" Bensel.

15. **Docket 99:**  483
    Order on the Mandate Vacating the Court's Order dated 7/18/03 as to Count I of the Complaint.

16. **Docket 159:**  486
    Order granting 132 Motion to Realign or Reduce in Number the Class Representatives and to Appoint New Class Counsel, Granting 151 Motion to Withdraw as Attorney.

17. **Docket 596-1: (Excerpted)**  492
    Brief in Support of Motion for Preliminary Approval of Class Action Settlement by Patrick Brady, Theodore A. Case, Michael V. Finucan, Howard B. Hollander, Sally Young
    (Cover, Pages 7 and 31)

18. **Docket 600-2:**  495
    Petition for Fees by Cureton Caplan, P.C.

19. **Docket 600-3 through 600-5:**  510
    Declaration of Jerald R. Cureton, with Exhibits
    in Support of Petition for Fees

20. **Docket 600-6:**  618
    Declaration of Stephen P. DeNittis, Esq.
    in Support of Petition for Fees

21. **Docket 600-7:**  634
    Declaration of James H. Landgraf, Esq.
    in Support of Petition for Fees

**Volume III**  **Page**

22. **Docket 602-1:**  636
    Brief in Support of Motion for Final Approval of Settlement by Patrick Brady, Theodore A. Case, Michael V. Finucan, Howard B. Hollander, Sally Young.

23. **Docket 602-2 through 602-16:**  663
    Declaration of Lisa J. Rodriguez, with Exhibits, in Support of Motion for Final Approval of Settlement.

24. **Docket 603-1:** 850
Brief in Support of Motion for Attorney Fees by Patrick Brady, Theodore A. Case, Michael V. Finucan, Howard B. Hollander, Sally Young.

25. **Docket 604-1:** 880
Brief in Support of Motion for Approval of Plan of Allocation of the Settlement Fund by Patrick Brady, Theodore A. Case, Michael V. Finucan, Howard B. Hollander, Sally Young

26. **Docket 605-1:** 890
Brief in Support of Motion for Approval of Named Plaintiff Incentive Awards by Patrick Brady, Theodore A. Case, Michael V. Finucan, Howard B. Hollander, Sally Young

27. **Docket 606:** 911
Letter from Ronald B. Veser Objecting to Settlement

28. **Docket 607 through 607-4:** 914
Letter from Theodore A. Case Objecting to the Proposed Class Settlement, with Exhibits

29. **Docket 608:** 1101
Letter from Patrick Brady Objecting to the Proposed Class Settlement

30. **Docket 609:** 1120
Letter from Theodore A. Case with Correction to Brief in Support of Objection and Opposition to the Proposed Class Settlement.

31. **Docket 610:** 1123
Letter from Mathew Comlish Objecting to the Proposed Class Representative Incentive Awards.

32. **Docket 611-1:** 1132
Declaration of Howard B. Hollander in Opposition to 600 Motion to Intervene.

33. **Docket 611-2:** 1145
Declaration of Charles Long in Opposition to 600 Motion to Intervene.

Case: 14-3128     Document: 003111857258     Page: 6     Date Filed: 01/23/2015

Case 15-41404    Doc 177-3    Filed 07/06/15    Entered 07/06/15 16:40:19    Exhibit C - Excerpts from appeal joint appendix    Pg 6 of 18

**34.    Docket 640-1:**                                                              1147
Brief in Support of Motion for Disbursement of Funds by Howard
B. Hollander, Sally Young.

**35.    Docket 640-2:**                                                              1159
Affidavit of Frank Barkan, with Exhibits (Redacted) in Support of
Motion for Disbursement of Funds

**36.    Docket 643:**                                                                1221
Order Granting 640 Motion for Disbursement of Funds/Approving
Interim Distribution of Settlement

**Volume IV (Sealed Documents)**                                                      **Page**

**37.**    Declaration of Thomas H. Hunt, Esq., with Exhibits, in Support of          1224
Motion of Cureton Caplan, P.C. to Withdraw as Class Counsel and
to extend Discovery Deadline dated October 18, 2005 (Under Seal).

**38.    Docket 152:**                                                                1367
Un-redacted Brief in Support of (151) (Renewed) Motion
to Withdraw as Attorney (Under Seal)

Case 1:02-cv-02917-JEI Document 603 Filed 05/09/13 Page 2 of 18 PageID: 21649
Case 15-41404    Doc 177-3    Filed 07/06/15    Entered 07/06/15 16:40:19    Exhibit C -
Excerpts from appeal joint appendix    Pg 7 of 18

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BRADY, *et al.*, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 02-2917 (JEI) |
| ) | |
| AIR LINE PILOTS ASSOCIATION, ) | |
| INTERNATIONAL, ) | |
| ) | |
|     Defendant. ) | |

## DECLARATION OF ALLEN P. PRESS

I have personal knowledge of the facts stated below, and declare under penalty of perjury that they are true and correct to the best of my information and belief:

1. I am an attorney and shareholder of the St. Louis, Missouri law firm Green Jacobson, P.C. I am licensed to practice in Missouri (1991) and Illinois (1992). I am also licensed to practice in the United States District Courts for the Eastern District of Missouri, Southern District of Illinois and Northern District of Illinois; the Court of Federal Claims; the Eighth Circuit Court of Appeals and the Federal Circuit Court of Appeals.

2. Our firm specializes in complex commercial litigation, including class litigation. We were retained in this case by a group of TWA Pilot Class Representatives in the Spring of 2006. They retained us after having conducted a year long nation-wide search for replacement counsel when the Cureton firm withdrew from the case.

-1-

**Appendix 761**

3. As our firm often does in large, complex commercial cases, we agreed to represent the class of TWA Pilots on a contingent basis. The typical contingent fee that we require is one-third (33%).

4. During the last ten years, our firm has tried three class action cases to verdict, including the liability trial of this case. The other two cases we tried were in the Circuit Court of St. Louis County, Missouri, and styled *Eisel v. Midwest Bankcentre*, case no. 02CC-001055D and *Carpenter v. Countrywide Mortgage Company*, case no. 02CC-001055B. Consistent with our typical fee arrangements, the courts in the Missouri cases awarded legal fees of 33% of the amount of the judgments entered.[1]

5. I had primary responsibility for this case at our firm. In that role, I managed a massive discovery effort, reviewed nearly every document produced, took and defended more than 35 fact and expert witness depositions, managed the extensive motion practice undertaken in the case, marshaled the evidence for presentation at trial, and first-chaired the trial.

6. Although I had primary responsibility for the case at my firm, there were several other lawyers at the firm who played important roles in prosecuting the case. Chief among them was Joe Jacobson. Mr. Jacobson was part of the trial team, and was key in preparing and trying the case. He thereafter worked closely with me and our principal expert during the damages phase of the case. Jonathan Andres was also integral to the case. In particular, Mr. Andres handled many discrete discovery and

---

[1] In both cases, the judgment we obtained on behalf of the class was affirmed by the Missouri Supreme Court.

-2-

Appendix 762

legal issues, assisted in the briefing, and acted in an advisory role throughout the case. Likewise, our senior partner Martin Green played an important advisory role throughout the case.

7. Our firm was constantly assisted and consulted by Lisa Rodriguez, Nicole Acchione, and other lawyers at the TRR firm. The prosecution of the case was truly a team effort between our two firms, and through our collective efforts, we obtained a verdict that stunned an industry. We then made a record-setting settlement for the TWA Pilots.

8. The results we obtained are nothing short of remarkable, and were made further remarkable in light of the enormous risks we faced. The TWA Pilots' case was unprecedented in scope and subject matter, and was aggressively defended by highly skilled lawyers with a seemingly endless budget. A survey of the case law reveals very few reported cases in which a union member successfully sued his or her union for having breached its duty of fair representation, and none are class actions that involved a seniority integration.

9. In light of these facts, and the facts set forth in Lisa Rodriguez' Declaration, it is my opinion that a reasonable fee for our services would be at least 30% of the recovery we obtained for the TWA Pilots. A "cross-check" with our "lodestar" further supports that opinion.

10. The chart attached as Exhibit 1 is a summary of the time spent by the lawyers at my firm on this case, and the lodestar calculation.

11. The lodestar chart was created from our firm's billing program. Every

-3-

lawyer in the firm records his or her daily time, and those entries are inputted into our billing program. The program can then produce a variety of reports. To create the lodestar chart, I analyzed our Work-In-Progress report for this case. That report captures every time entry made in the case by every lawyer in the firm who worked on it. In performing my analysis, I made reductions or deletions for time that I believed was not reasonable.

12. All told, nine lawyers at my firm worked on this case at one time or another over the last eight years. In addition to me, those lawyers were: Martin Green (our senior partner admitted to practice in 1956); Joe Jacobson (a partner admitted to practice in 1986); Jonathan Andres (a partner admitted to practice in 1991); Fernando Bermudez (a partner admitted to practice in 1992); James Simeri (a senior associate); Timothy Lemen (a senior associate); Bradley Schneider (a junior associate); and Petya Beltcheva (a junior associate). The reasonable hours worked on this case by these lawyers is summarized below:

| | |
|---|---:|
| Allen Press | 5,373.15 |
| Joe Jacobson | 1,387.20 |
| Jonathan Andres | 887.25 |
| Timothy Lemen | 422.35 |
| Petya Beltcheva | 307.80 |
| Martin Green | 285.60 |
| Fernando Bermudez | 150.70 |
| Bradley Schneider | 135.60 |
| James Simeri | 21.00 |
| **Total:** | **8,970.65** |

13. To calculate my firm's lodestar, I took the total reasonable hours worked by each lawyer as reflected above, and applied the range of prevailing rates in the New

-4-

Appendix 764

Jersey market for lawyers with similar experience and skills as reflected in Lisa Rodriguez' Declaration. Those calculations produce a total lodestar of $5,306,572.75 for my firm.

14. My firm incurred $792,497.66 in out-of-pocket expenses attributable to this case. These expenses are summarized in Exhibit 2, and are reflected in our firm's records. The expenses were all directly related to the advancement of the case, and are reasonable in amount. Our travel for the case was always economy class, and no extravagance was ever taken.

Dated May 6, 2014

_____
Allen P. Press

GREEN JACOBSON, P.C.

Categories:
(1) Investigations, Factual Research
(2) Discovery
(3) Pleadings, Briefs and Motions (including legal research)
(4) Court Appearances/Mediation/Hearings
(5) Communications
(6) Settlement
(7) Litigation Strategy and Analysis and Case Management

| Attorney | 1 | 2 | 3 | 4 | 5 | 6 | 7 | Total Hours | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| Allen P. Press | 60.5 | 1993.80 | 1063.25 | 1295.50 | 415.85 | 131.25 | 413 | 5373.15 | $630 | $3,385,084.50 |
| Joe D. Jacobson | 5.75 | 304.90 | 186.10 | 613.80 | 102.15 | 99.70 | 74.8 | 1387.20 | $630 | $873,936.00 |
| Jonathan F. Andres | 34.4 | 292 | 254.50 | 33.7 | 130.45 | 2.3 | 139.9 | 887.25 | $630 | $558,967.50 |
| Timothy J. Lemen | | 81.65 | 199.10 | | 5.35 | | 136.35 | 422.35 | $285 | $120,369.75 |
| Petya Beltcheva | | | | | | | 307.80 | 307.80 | $265 | $81,567.00 |
| Martin M. Green | 28.5 | 10.25 | 99.25 | 83 | 5.55 | | 59.05 | 285.60 | $630 | $179,928.00 |
| Fernando Bermudez | | 1.5 | 140.1 | | | | 9.1 | 150.70 | $430 | $64,801.00 |
| Bradley Schneider | | 11.5 | 89.3 | | | | 34.8 | 135.6 | $265 | $35,934.00 |
| James J. Simeri | 12 | | 9 | | | | | 21 | $285 | $5,985.00 |
| | | | | | | | TOTAL | 8,970.65 | | $5,306,572.75 |


EXHIBIT 1

## TWA CASE - EXPENSE REPORT

Firm Name: Green Jacobson, P.C.

Reporting Period: June 2006 to present

| Description | Amount |
| --- | --- |
| Courier/Federal Express | $7,420.29 |
| Court Reporters/Transcripts | $51,233.58 |
| Travel: air transportation, ground travel, meals | $161,290.39 |
| Outside copying | $7,247.76 |
| Computer research | $6,981.26 |
| Consultants/experts | $544,155.31 |
| ATT conference calls | $1,217.27 |
| Mediator | $10,105.05 |
| Special Master | $720.13 |
| Process server/witness fees | $2,126.62 |
| Total Expenses | $792,497.66 |



EXHIBIT 2

**Appendix 767**

Case 1:14-cv-12817-JEI Document 003111857250 Page: 147 Date Filed: 01/23/2015
Case 15-41404  Doc 177-3  Filed 07/06/15  Entered 07/06/15 16:40:19  Exhibit C -
Excerpts from appeal joint appendix    Pg 14 of 18

1

```
 1              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
 2    _____
      PATRICK BRADY, et al.,
 3          Plaintiffs
                                           CIVIL ACTION
 4          Vs.                            NO. 02-2917 (JEI)

 5    AIR LINE PILOTS ASSOCIATION
      INTERNATIONAL,
 6          Defendants.                    FAIRNESS HEARING
      _____
 7                                         UNITED STATES COURTHOUSE
                                           ONE JOHN F. GERRY PLAZA
 8                                         4TH AND COOPER STREETS
                                           CAMDEN, NEW JERSEY 08101
 9                                         MAY 27, 2014

10    B E F O R E:     THE HONORABLE JOSEPH E. IRENAS
                       UNITED STATES DISTRICT JUDGE
11
      A P P E A R A N C E S:
12
      SCHNADER HARRISON SEGAL & LEWIS LLP
13    BY:  LISA J. RODRIGUEZ, ESQUIRE
           NICOLE M. ACCHIONE, ESQUIRE
14           Counsel for Plaintiffs

15    GREEN JACOBSON, P.C.
      BY:  ALAN P. PRESS, ESQUIRE
16         JOSEPH JACOBSON, ESQUIRE
             Counsel for Plaintiffs
17
      PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP
18    BY:  JAY COHEN, ESQUIRE
           JAMES BOROD, ESQUIRE
19           Counsel for Defendant

20    ARCHER & GREINER, P.C.
      BY:  KERRI E. CHEWNING, ESQUIRE
21         JOHN CONNELL, ESQUIRE (Page
             Counsel for Defendant
22
      CURETON CAPLAN
23     BY:  JAMES HAGNER, ESQUIRE

24    Certified as true and correct as required by Title 28,
      U.S.C., Section 753.
25
                      /S/ Karen Friedlander, CRR, RMR
```

*United States District Court*
*Camden, New Jersey*

**Appendix 14**

Case 1:14-cv-02817-JEI-JS Document 33-11 Filed 06/24/14 Page 16 of 18 PageID: 1640
Case 15-41404    Doc 177-3    Filed 07/06/15    Entered 07/06/15 16:40:19    Exhibit C -
Excerpts from appeal joint appendix    Pg 15 of 18

62

```
 1              THE COURT:  Okay.  Thank you.
 2              Well, okay.  Let me start with the lodestar.  I know
 3   that sometimes one of the most brilliant judges in the Third
 4   Circuit, Tony Scirica, thinks it's a mathematical calculation,
 5   where, you know, you have a computer, you have a little
 6   calculator, and you just punch these numbers in and you come
 7   up with a number.
 8              We have -- what's the name of the lawyer who gave you
 9   an affidavit as to the reasonableness of your fees and your
10   partners' fees?
11              MS. RODRIGUEZ:  Michael DeBenedictis.
12              THE COURT:  Michael DeBenedictis.  He testified that
13   your fees were reasonable.
14              To me, at least, from my experience in seeing fees all
15   the time, the fees are reasonable for the New Jersey market,
16   which is, of course, the market we're in.
17              The -- I'm also persuaded that, and I did the
18   calculation, I lowered, just arbitrarily, I said, look, what
19   if I found that the -- that the blended rate for the lodestar
20   was $400 an hour, rather than the 500-something that it was?
21   You would still have a multiplier of about two, which is a
22   very low multiplier.
23              In other words, if I just arbitrarily said, well, this
24   is one, you know, we're down here in South Jersey, Middle
25   Township, we don't -- Cape May County, we don't charge $527 an
```

*United States District Court*
*Camden, New Jersey*

Case 1:14-cv-03817-JEI-JS Document 93-1 Filed 06/26/14 Page 69 of 72 PageID: 1641
Case 15-41404   Doc 177-3   Filed 07/06/15   Entered 07/06/15 16:40:19   Exhibit C -
Excerpts from appeal joint appendix    Pg 16 of 18

63

1  hour, it's $52.70 an hour. But the -- say nothing of what it
2  is in lower township or upper township. These are some of our
3  finer municipalities down here in South Jersey. And you have
4  them in Missouri, too, those kind of counties.
5          And the -- so I said, what if, for reasons that I can't
6  understand, some judge says, no, the blended rates should have
7  been $400 and that, to me, of course, is too low, but you
8  still only have a multiplier of two, you know, which is, you
9  know, in the world of multipliers, still a very reasonable
10 multiplier. In a case that's lasted seven years, that was
11 totally on a contingency, where risk of nonpayment was very
12 great.
13         So, I probably shouldn't say this, it probably leaves
14 an opening for the Court of Appeals, but, you know, I find
15 that the rates that were charged and actually billed were --
16 were reasonable for the New Jersey market and should be used
17 for the lodestar.
18         By the way, just for the record, I want to put -- put
19 the numbers again. I found that Trujillo Rodriguez had 7,602
20 hours 22 hours -- 7,602.2 hours and had a blended, a dollar
21 number of 3,576,347 -- 342, excuse me, and 10 cents, and that
22 gives a blended rate of $470.43.
23         For the Schnader firm, 1,281.3 hours, for $668,883.50.
24 That's a blended rate of 522.03. And for Green Jacobson,
25 8,970.65 hours, for $5,306,572.75. That's a blended rate of

Case 1:04-cv-03817-JEI-JS Document 903-11 Filed 06/02/14 Page 70 of 72 PageID: 13642
Case 15-41404    Doc 177-3    Filed 07/06/15    Entered 07/06/15 16:40:19    Exhibit C -
Excerpts from appeal joint appendix    Pg 17 of 18

64

1  591.55.  Total number of hours, 17,854.15.  Dollars,
2  $9,551,798.35, and the hourly rate of $534.99.
3         Now, I've been using fifteen-nine for those
4  calculations.  So when we said there was a 1.66, I am going to
5  -- I heard the argument.  I think his was always contingent
6  and I think that we have to reduce the number -- I gave you
7  the number, didn't I?  Have to go find it now.
8         MR. PRESS:  I wrote it down, Your Honor.
9         THE COURT:  What do you have?
10         MR. PRESS:  $15,543,128.63.
11         THE COURT:  Okay.  I just don't know -- I write it
12  down and then I lose it.  Oh, found it again.  It is,
13  $15,543,128.63, that's what I have.  And that's deducting the
14  expenses of $1,189,571.22, getting a net receipts of
15  $51,810,428.78, taking 30 percent of that, and getting the
16  number I got.
17         That's the fee I'm going to award, and that makes
18  actually the multiplier a little -- not by a lot, but, you
19  know, makes it slightly lower than the 166.
20         But again, as I -- I'm influenced by -- you know,
21  somebody came along and came up with a number that I think is
22  surficially below the applicable blended rate that should
23  apply in a case like this.  You're still at basically two or
24  less, multiplier, and you just have to leave that smattering
25  of cases, including the one I read the other day, Scirica

```
 1  versed, where, you know, when you're talking 4.6 -- and
 2  Scirica didn't object to that, by the way.  He didn't -- he
 3  didn't say that that was too high.  What he said was that not
 4  using a blended rate, but using a -- just the rate of a
 5  high-paid lawyer to calculate the lodestar was wrong.
 6          I mean, he didn't -- he wasn't, per se, objecting.  I
 7  mean, maybe he will later, but he didn't object then, to the
 8  4.6 number.  He just wanted to see a blended rate calculated
 9  correctly.  So...
10          Well, okay.  That's my ruling.  Improving the fee with
11  the one modification that I made.  Again, and I'm accepting,
12  as a proper lodestar, the hourly rates billed by -- actually
13  billed by the -- well, the three law firms involved here:
14  Ms. Rodriguez, your two firms, and then Press and Jacobson.
15  So, I'm going to approve that.
16          Now, can you carry on?
17          MS. RODRIGUEZ:  Sure.
18          MR. COHEN:  Yes, Your Honor.
19          THE COURT:  I don't want anybody to suffer from -- I
20  don't know exactly what to call it, but...
21          MR. PRESS:  Your Honor, I could use a five-minute
22  break.
23          THE COURT:  Let's take a -- I'm going to stay up
24  here, I'm not even going get off, it's too much trouble.  Go
25  take your break and come back.  Anybody who wants to take a
```