| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) ||

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

1660814

(L.F. 18 Rev. 06/08)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 15-41404-705 |
| | ) | Honorable Charles E. Rendlen, III |
| GREEN JACOBSON, P.C., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DAVID A. SOSNE, in his capacity as | ) | |
| Chapter 7 Trustee for Green Jacobson, P.C., | ) | |
| | ) | **ADVERSARY COMPLAINT** |
| Plaintiff, | ) | |
| | ) | Adversary No. |
| vs. | ) | |
| | ) | |
| MARTIN M. GREEN, an individual, | ) | |
| | ) | |
| JONATHAN F. ANDRES, an individual, | ) | |
| | ) | |
| THE LAW OFFICES OF MARTIN | ) | |
| M. GREEN, a Missouri professional | ) | |
| Corporation, and | ) | |
| | ) | |
| JONATHAN F. ANDRES, P.C., a | ) | |
| Missouri professional corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## ADVERSARY COMPLAINT

COMES NOW Plaintiff David A. Sosne, the duly appointed and acting Chapter 7 Trustee for the underlying bankruptcy estate, by and through his undersigned counsel, and for his Complaint states as follows:

### JURISDICTION, VENUE AND PARTIES

1. An involuntary petition in bankruptcy was commenced against Green Jacobson, P.C., a Missouri professional corporation ("Debtor") on March 3, 2015 ("Petition Date") in the

United States Bankruptcy Court, Eastern District of Missouri, Eastern Division, case number 15-41404-705.

2. On April 15, 2015, Debtor consented to an order of relief under Chapter 7 of the United States Bankruptcy Code.

3. On April 16, 2015, the Court entered its order granting relief under Chapter 7 for Debtor. Plaintiff, David A. Sosne ("Trustee"), was appointed Chapter 7 Trustee of Debtor's case on April 16, 2015.

4. Trustee is the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of Debtor.

5. Defendant Martin M. Green is an individual residing in the State of Missouri.

6. Defendant Jonathan F. Andres is an individual residing in the State of Missouri.

7. Defendant, The Law Offices of Martin M. Green, is a professional corporation organized under Missouri law with its principal place of business located in St. Louis County, Missouri.

8. Defendant, Jonathan F. Andres, P.C., is a professional corporation organized under Missouri law with its principal place of business located in St. Louis County, Missouri.

9. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Local Rule 9.01 of the United States District Court for the Eastern District of Missouri.

10. Venue of this action is proper pursuant to 28 U.S.C. §1409.

11. This matter constitutes a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(A), (E), (F) and (O), and arises under Title 11 and in the Chapter 7 bankruptcy case of Debtor

presently pending before the United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division, Case Number 14-45824-659.

## FACTS COMMON TO ALL COUNTS

12. For many years prior to the Petition Date, Debtor was a professional corporation organized under Missouri law and doing business as a law firm providing legal services to various clients in Missouri and other states.

13. Defendant Green was an employee of Debtor from at least 1999 until December, 2014. At all such times, Green was and still is an attorney licensed to practice law in the State of Missouri.

14. Defendant Andres was an employee of Debtor from at least 2009 until December, 2014. At all such times, Andres was and still is an attorney licensed to practice law in the State of Missouri.

15. From at least 2009 through the present, Green and Andres each own(ed) twenty-five percent (25%) of the outstanding issued stock of Debtor (with fellow attorneys Joe Jacobson and Allen Press each owning twenty-five percent (25%) of the shares of Debtor).

16. From at least 2009 through the present, Green and Andres are/were members of Debtor's four- person Board of Directors (with Jacobson and Press). During said time period, Green is/was the President of Debtor and Andres is/was a Vice President of Debtor.

17. In 2011, a client of Debtor, SKMDV Holdings, Inc. ("SKMDV"), filed a legal malpractice action against Debtor in the St. Louis County, Missouri Circuit Court, captioned "*SKMDV Holdings, Inc. v. Green Jacobson, P.C.*," case number 11SL-CC02664 ("Malpractice Action"), seeking more than $40 Million in damages. The trial was eventually scheduled for early November of 2014.

18. The Malpractice Action against Debtor was tried to conclusion in the Circuit Court of St. Louis County, Missouri. On November 12, 2014, a jury found Debtor liable for legal malpractice and awarded SKMDV $10,500,000.00 in damages. (the "Malpractice Judgment").

19. At the time of entry of the Malpractice Judgment, Trustee is informed and believes that Debtor had less than $2.6 Million in malpractice insurance available to pay the Malpractice Judgment.

20. At the time of entry of the Malpractice Judgment, Debtor had less than $415,000 in its firm commercial checking account at Enterprise Bank.

21. SKMDV commenced garnishment and other proceedings directed to Debtor's assets in an attempt to collect on its judgment against Debtor.

22. In an effort to avoid garnishment of Debtor's bank account at Enterprise Bank, Debtor moved $200,000 from its Enterprise Bank commercial checking account to a newly-opened bank account at a new bank in a different county on or about November 21, 2014.

23. As a result of the aforesaid transfer of funds to a new bank account, SKMDV was only able to garnish $5,570.72 left in Debtor's original Enterprise Bank commercial bank account in December, 2014 or January, 2015.

24. SKMDV served certain written interrogatories and requests for production upon Debtor in the state court case in an effort to discover information regarding Debtor's financial affairs and assets, including information concerning Debtor's books and records and banking records. On January 8, 2015, Debtor served its responses and objections to the discovery, many of which involved Debtor invoking its supposed "privilege against self-incrimination as secured

by the Fifth Amendment to the United States Constitution and by Article I, Section 19 of the Missouri Constitution."

25. All or most of Debtor's aforesaid refusals to answer or respond based upon its supposed constitutional privileges against self-incrimination were not supported by law since it is well recognized that the privileged does not apply to corporations. *State ex rel. Falone v. Levitt*, 572 S.W.2d 252, 254 (Mo.App. 1978). As experienced legal counsel, and particularly counsel working for a law firm primarily engaged in litigation, Debtor and each of its attorneys knew or should have known that a corporate entity does not have the right to invoke the privilege against self-incrimination. Debtor's aforesaid improper invocation of the privilege against self-incrimination was done to hinder or delay the search of its assets and property.

## THE RENT PAYMENT

26. During 2014, and for several years before then, Debtor's law office was located at 7733 Forsyth Boulevard, Clayton, Missouri (Suite 700). Debtor leased space at such building for its law office (hereafter the "Premises"). Green and Andres, as employees of Debtor, both had offices in the Premises and worked out of the Premises for years.

27. Debtor's landlord was KBSII Pierre Laclede Center, LLC (the "Landlord"). Debtor's lease for the Premises had a term that ran from June 1, 2012 to July 31, 2015. Since August 1, 2014, Debtor's base monthly rent due under the Lease was $21,356.79. Additional amounts were due under the Lease for certain operating expenses and property taxes.

28. As a result of the Malpractice Judgment in November, 2014, Debtor ceased operating as an on-going law firm by December 31, 2014, and all of its attorneys left Debtor's employment. Debtors' four shareholders (namely Martin M. Green, Joe D. Jacobson, Allen P.

1655984-2                                                  5

Press and Jonathan F. Andres) all became employed by other law firms in the St. Louis, Missouri area.

29. Green incorporated a new professional corporation on January 7, 2015, known as the "Law Offices of Martin M. Green, P.C." (the "Green Law Firm"). From such date to the present time, Green is and has been the President of the Green Law Firm and has continued to practice law as an employee of the firm. On information and belief, Green is the sole shareholder of the Green Law Firm and controls the business activities of the firm.

30. Andres incorporated a new professional corporation on January 23, 2015, known as the "Jonathan F. Andres, P.C." (the "Andres Law Firm). From such date to the present time, Andres is and has been the President of the Andres Law Firm and has continued to practice law as an employee of the firm. On information and belief, Andres is the sole shareholder of the Andres Law Firm and controls the business activities of the firm.

31. In January, 2015, the Green Law Firm and the Andres Law Firm began operating in the same Premises previously occupied by Debtor. Green and Andres have both continued to work out of these same Premises in their employment with their respective new firms.

32. On or about January 22, 2015, Debtor paid the Landlord $134,225.94 to prepay, in full, the anticipated rent, operating expenses and property taxes for the Premises for the period of February 1, 2015 through the end of the Lease term on July 31, 2015 (hereafter the "Rent Payment").

33. From and after January 1, 2015, however, Debtor was no longer providing services to its clients, did not conduct business from the Premises, did not own most of the personal property in the Premises and derived only nominal benefit, if any, from the Premises.

## COUNT I

### (UNJUST ENRICHMENT)

34. Paragraphs 1 through 33 above are fully restated and incorporated herein.

35. From January, 2015 through the present time, the Green Law Firm, the Andres Law Firm, Green and Andres have occupied the Premises as their law office space without paying any rent to Debtor or the Trustee.

36. At all times from at least August 1, 2011 to the present, Green and Andres are/were officers, directors and stockholders of Debtor, and they each had knowledge of Debtor's assets, liabilities and claims, including the Malpractice Action.

37. The Green Law Firm, the Andres Law Firm, Green and Andres were the ultimate recipients of the benefit of the Rent Payment.

38. Said Defendants each benefitted from the Rent Payment, including by not having to pay the Landlord for their use, occupancy and rental of the Premises since January, 2015.

39. As Debtor ceased operating on or about December 31, 2014, Debtor received no benefit from the Rent Payment.

40. Said Defendants appreciated the fact of such benefit.

41. Said Defendants accepted and retained the benefit of the Rent Transfer, including by occupying the Premises without paying any rent to Debtor or the Trustee.

42. By reason of the foregoing, all of the Defendants were unjustly enriched at the expense of Debtor, and now Debtor's creditors.

43. Equity and good conscience require that the Rent Transfer amount of $134,225.94 from Debtor to Landlord which unjustly enriched all of the Defendants be recovered from the Defendants.

WHEREFORE, Trustee prays for entry of judgment in favor of Trustee and against Defendants Martin M. Green, Jonathan F. Andres, the Law Offices of Martin M. Green and Jonathan F. Andres, P.C. jointly and severally, in the amount of $134,225.94, plus interest from the Rent Payment Date, for Trustee's costs incurred herein, and for such other and further relief as the Court deems just in the premises.

## COUNT II

### (AVOIDANCE OF FRAUDULENT CONVEYANCE UNDER § 428.024.1(1) RSMo. and 11 U.S.C. § 544)

44. Paragraphs 1 through 43 above are fully restated and incorporated herein.

45. From January, 2015 through the present time, the Green Law Firm, the Andres Law Firm, Green and Andres have occupied the Premises as their law office space without paying any rent to Debtor or the Trustee.

46. At all times from at least August 1, 2011 through the present time, Green and Andres are/were officers, directors and stockholders of Debtor, and they each had knowledge of Debtor's assets, liabilities and claims, including the Malpractice Action.

47. At the time the Rent Payment was made, Green knew that the Rent Payment would benefit himself and his new law firm he was intending to operate in the Premises, namely defendant The Law Offices of Martin M. Green, P.C.

48. At the time the Rent Payment was made, Andres knew that the Rent Payment would benefit himself and his new law firm he was intending to operate in the Premises, namely defendant Jonathan F. Andres, P.C.

49. At the time the Rent Payment was made, Debtor made such transfer under one, several or all of the following circumstances:

      A.      Debtor made the Rent Transfer to insiders, namely defendants Green, Andres, the Green Law Firm and the Andres Law Firm.

      B.      Upon information and belief, Debtor concealed the Rent Payment from SKMDV and others creditors.

      C.      About ten to eleven weeks before the Rent Payment was made, Debtor had incurred the $10.5 Million Malpractice Judgment. At the time of the Rent Payment, Green and Andres knew that Debtor did not have sufficient malpractice insurance coverage for the Malpractice Judgment.

      D.      The Rent Payment represented a significant portion of Debtor's remaining assets, particularly those assets that had liquidity.

      E.      The Debtor concealed assets and hindered and delayed disclosure of its assets and transfers, and collection of the Malpractice Judgment, through various acts and omissions, including but not limited to, improperly invoking a non-existent privilege against self-incrimination in judicial proceedings initiated by Debtor's major creditor seeking to discover Debtor's property, moving bank accounts, by Debtor's failure to list approximately $3.8 Million of attorneys' fees due and owing to Debtor from the TWA Pilots' Case in Debtor's bankruptcy schedules, and by making the Rent Payment.

      F.      Debtor had ceased all business operations about a month prior to the Rent Payment, had no intention of recommencing operations during the remaining lease term and had no need or use of the Premises.

50.      As set forth above, many of the badges of fraud set forth in Section 428.024.1 RSMo are present in this matter.

1655984-2      9

51. Debtor made the Rent Payment to Landlord with the actual intent to hinder, delay or defraud Debtor's creditors in violation of Section 428.024.1(1) Mo.Rev.Stat.

WHEREFORE, Trustee prays for entry of judgment in favor of Trustee and against Defendants Martin M. Green, Jonathan F. Andres, the Law Offices of Martin M. Green and Jonathan F. Andres, P.C. jointly and severally avoiding and setting aside the transfer made on behalf of said Defendants in the amount of $134,225.94, plus interest from the Rent Payment Date, as fraudulent pursuant to Section 428.024.1(1) Mo.Rev.Stat., and for such other and further relief as the Court deems just in the premises.

### COUNT III

### (AVOIDANCE OF FRAUDULENT CONVEYANCE UNDER § 428.024.1(2) RSMo. and 11 U.S.C. § 544)

52. Paragraphs 1 through 51 above are fully restated and incorporated herein.

53. Debtor did not receive reasonably equivalent value in exchange for the Rent Payment.

54. When it made the Rent Payment, Debtor was insolvent and had incurred debts beyond its ability to pay as they became due.

55. By reason of the foregoing, the Rent Payment by Debtor to Landlord was a fraudulent conveyance pursuant to § 428.024.1(2) Mo.Rev.Stat.

WHEREFORE, Trustee prays for entry of judgment in favor of Trustee and against Defendants Martin M. Green, Jonathan F. Andres, the Law Offices of Martin M. Green and Jonathan F. Andres, P.C. jointly and severally avoiding and setting aside the transfer made on behalf of said Defendants in the amount of $134,225.94, plus interest from the Rent Payment Date, as fraudulent pursuant to Section 428.024.1(2) Mo.Rev.Stat., and for such other and further relief as the Court deems just in the premises.

## COUNT IV

### (AVOIDANCE OF FRAUDULENT CONVEYANCE UNDER § 428.029.2 RSMo. and 11 U.S.C. § 544)

56. Paragraphs 1 through 55 above are fully restated and incorporated herein.

57. The Malpractice Judgment was rendered before the Rent Payment was made.

58. Green, Andres, the Green Law Firm and the Andres law firm were insiders of Debtor at the time of the Rent Payment.

59. Debtor was insolvent at the time the Rent Payment was made, and all of the Defendants had reasonable cause at that time to believe that the Debtor was insolvent.

60. By reason of the foregoing, the Rent Payment by Debtor was a fraudulent conveyance pursuant to § 428.029.2 Mo.Rev.Stat.

WHEREFORE, Trustee prays for entry of judgment in favor of Trustee and against Defendants Martin M. Green, Jonathan F. Andres, the Law Offices of Martin M. Green and Jonathan F. Andres, P.C. jointly and severally avoiding and setting aside the transfer made on behalf of said Defendants in the amount of $134,225.94, plus interest from the Rent Payment Date, as fraudulent pursuant to Section 428.029.2 Mo.Rev.Stat., and for such other and further relief as the Court deems just in the premises.

## COUNT V

### (AVOIDANCE OF FRAUDULENT CONVEYANCE UNDER 11 U.S.C. § 548(a)(1)(A))

61. Paragraphs 1 through 60 above are fully restated and incorporated herein.

62. The Rent Payment was made less than one year before the Petition Date.

63. Debtor made the Rent Payment to Landlord with the actual intent to hinder, delay or defraud Debtor's creditors in violation of 11 U.S.C. § 548(a)(1)(A).

WHEREFORE, Trustee prays for entry of judgment in favor of Trustee and against Defendants Martin M. Green, Jonathan F. Andres, the Law Offices of Martin M. Green and Jonathan F. Andres, P.C. jointly and severally avoiding and setting aside the transfer made on behalf of said Defendants in the amount of $134,225.94, plus interest from the Rent Payment Date, as fraudulent pursuant to 11 U.S.C. § 548(a)(1)(A), and for such other and further relief as the Court deems just in the premises.

### COUNT VI

### (AVOIDANCE OF FRAUDULENT CONVEYANCE UNDER 11 U.S.C. § 548(a)(1)(B)

64. Paragraphs 1 through 63 above are fully restated and incorporated herein.

65. At the time of the Rent Payment, Debtor was insolvent or became insolvent as a result thereof.

66. The Rent Payment was made less than one year before the Petition Date.

67. Debtor received no value or less than a reasonably equivalent value in exchange for the Rent Payment to the Landlord.

68. By reason of the foregoing, the Rent Payment should be avoided as a fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

WHEREFORE, Trustee prays for entry of judgment in favor of Trustee and against Defendants Martin M. Green, Jonathan F. Andres, the Law Offices of Martin M. Green and Jonathan F. Andres, P.C. avoiding and setting aside the transfer made on behalf of said Defendants in the amount of $134,225.94, plus interest from the Rent Payment Date, as fraudulent pursuant to 11 U.S.C. § 548(a)(1)(B), and for such other and further relief as the Court deems just in the premises.

## COUNT VII

### (AVOIDANCE OF PREFERENTIAL TRANSFER UNDER 11 U.S.C. § 547)

69. Paragraphs 1 through 68 above are fully restated and incorporated herein.

70. At the time of the Rent Payment, Green, Andres, the Green Law Firm and the Andres Law Firm each was an "insider" of Debtor pursuant to 11 U.S.C. § 547 and 11 U.S.C. § 101(31)(B).

71. At the time of the Rent Payment, Debtor was insolvent.

72. The Rent Payment was made by Debtor to or for the benefit of a creditor (Landlord) for or on account of an antecedent debt, the prepetition lease.

73. The Rent Payment was made less than one year before the Petition Date.

74. Landlord received more on account of the Rent Payment than it would receive from a hypothetical liquidation of Debtor's assets under Chapter 7 of the Bankruptcy Code.

75. By reason of the foregoing, the Rent Payment should be avoided as preferential transfers pursuant to 11 U.S.C. § 547.

WHEREFORE, Trustee prays for entry of judgment in favor of Trustee and against Defendants Martin M. Green, Jonathan F. Andres, the Law Offices of Martin M. Green and Jonathan F. Andres, P.C. avoiding and setting aside the transfer made on behalf of said Defendants in the amount of $134,225.94, plus interest from the Rent Payment Date, as an avoidable preference pursuant to 11 U.S.C. § 547, and for such other and further relief as the Court deems just in the premises.

## COUNT VIII

### (RECOVERY OF AVOIDED TRANSFER PURSUANT TO 11 U.S.C. § 550)

76. Paragraphs 1 through 75 above are fully restated and incorporated herein.

77. The Rent Payment was made for the benefit of each of the Defendants (Green, Andres, the Green Law Firm and the Andres Law Firm), including for their benefit to have rent-free office space to continue each's business activities. Debtor intended each Defendant to have and enjoy such benefit.

78. Each of the Defendants received such benefit, the benefit was quantifiable and each Defendant accessed and retained such benefit.

79. As set forth above, the Rent Payment is avoidable pursuant to §§ 428.024.1(1), 428.024.1(2) and/or 428.029.2 Mo.Rev.Stat., and/or 11 U.S.C. §§ 548 and/or 547.

80. Accordingly, pursuant to 11 U.S.C. § 550, Trustee, as the trustee of Debtor's bankruptcy estate, is entitled to jointly and severally recover the Rent Payment from all Defendants in the sum of $134,225.94, plus interest from the Rent Payment Date.

WHEREFORE, Trustee prays for entry of judgment pursuant to 11 U.S.C. § 550 in favor of Trustee and against Defendants Martin M. Green, Jonathan F. Andres, the Law Offices of Martin M. Green and Jonathan F. Andres, P.C. jointly and severally in the amount of $134,225.94, plus interest from the Rent Payment Date, for Trustee's costs incurred herein, and for such other and further relief as the Court deems just in the premises.

### COUNT IX

### (BREACH OF FIDUCIARY DUTY)
### (Against Green and Andres)

81. Paragraphs 1 through 80 are fully restated and incorporated herein.

82. The Rent Payment was made for the benefit of Green and Andres, including for them to obtain the benefit of rent-free office space to continue their respective business activities.

1655984-2                                    14

83. Green and Andres knew and intended for the Rent Payment to benefit them personally (and benefit their respective professional corporations they previously had incorporated) by having the rent for the Premises paid in full after Debtor ceased operating as an on-going law firm on or about December 31, 2014 and had no need for the Premises.

84. At the time of the Rent Payment, Debtor was insolvent or became insolvent as a result thereof.

85. As officers, directors and/or stockholders of Debtor, Green and Andres owed fiduciary duties to Debtor and to Debtor's creditors.

86. Such fiduciary duties include, but are not limited to, acting to protect the Debtor's and its creditors' interests, acting in the best interest of Debtor and its creditors, providing the utmost good faith and loyalty to Debtor and its creditors, and not engaging in self-serving dispositions of Debtor's assets for personal benefit.

87. Green and Andres breached their fiduciary duties, in part, by authorizing, allowing and accepting the Rent Payment for their personal benefit, and which transaction provided no benefit to Debtor or its creditors and further diluted and reduced the remaining assets of Debtor.

88. At all relevant times, Green and Andres knew the Rent Payment was improper, knew and intended that the Rent Payment benefit them personally, and knew that the Rent Payment would further dilute the Debtor's assets and funds available to pay Debtor's creditors.

WHEREFORE, Trustee prays for entry of judgment in favor of Trustee and against Defendants Martin M. Green and Jonathan F. Andres, jointly and severally, in the amount of $134,225.94, plus interest from the Rent Payment Date, for Trustee's costs incurred herein, and for such other and further relief as the Court deems just in the premises.

                                     Respectfully Submitted,
                                     SUMMERS COMPTON WELLS LLC


Date:  August 12, 2015        By: /s/  Daniel J. Welsh
                                     DANIEL J. WELSH   #49765MO
                                     STEPHEN C. HIOTIS   #30840MO
                                     BRIAN J. LAFLAMME  #49776MO
                                     JILL R. REMBUSCH #46251MO
                                     8909 Ladue Road
                                     St. Louis, Missouri  63124
                                     (314)991-4999
                                     (314)991-2413/FAX
                                     Attorneys for Plaintiff/Trustee