## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 15-41404-705 |
| | ) | Honorable Charles E. Rendlen, III |
| GREEN JACOBSON, P.C., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hearing Date:  October 14, 2015 |
| | ) | Hearing Time:  10:00 a.m. |

### MOTION TO COMPROMISE CONTROVERSY

COMES NOW David A. Sosne ("Trustee"), duly appointed and qualified Chapter 7 Trustee for the bankruptcy estate of Green Jacobson, P.C. (the "Debtor"), by and through his undersigned counsel, and for his Motion to Compromise Controversy (the "Motion"), respectfully states to this Honorable Court as follows:

1.     On or about March 3, 2015 (the "Petition Date"), an involuntary petition under Chapter 7 of the United States Bankruptcy Code was filed against Debtor in the United States Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court").

2.     The Order for Relief was entered in this case on April 16, 2015, and Trustee was appointed as the Chapter 7 Trustee of Debtor's bankruptcy estate contemporaneously therewith.

3.     The court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Local District Rule 9.01(B)(1).  This matter is a core proceeding within the meaning of 28 U.S.C.§ 157(A), (E), (F), (H) and (O).

4.     Venue of this proceeding in this District is proper under 28 U.S.C. §§1408 and 1409.

5.     Deborah Mann ("Mann") was an employee of Debtor from at least 1999 until at least November 15, 2014.  During most or all of her employment, Mann was the office manager for Debtor's law firm business and, from at least 2002 to at least November 15, 2014, Mann was

an officer of Debtor, serving as Assistant Secretary.  Additionally, by Order of this Court, Mann has been designated as one of two representatives of the Debtor pursuant to Bankruptcy Rule 9001(5).

6.      On or about September 11, 2014, Debtor received a partial payment of class counsel attorneys' fees in the amount of $3,885,782.16.  Approximately, a day or two after receipt of the foregoing amount, the Debtor made multiple, substantial distributions to its employees.

7.      The Trustee has alleged that during September of 2014, within a year of the Petition Date, approximately two months before the entry of a malpractice judgment against Debtor in the amount of $10,500,000.00, and while Debtor was insolvent, Debtor transferred the sum of $400,000.00 (approximately $263,737.12, net of taxes and withholdings) to Mann (the "Transfer") and that the Transfer is avoidable pursuant to Chapter 5 and the Missouri Uniform Fraudulent Transfer Act (collectively, the "Claim").  The Debtor and Mann have asserted defenses to the Claim.

8.      To avoid the time, cost and risk associated with litigating this matter, the Trustee and Mann engaged in good faith, arms-length settlement negotiations and agreed to settle the Claim.

9.      The terms of the settlement are set forth in the Settlement Agreement by and between the Trustee and Mann.  A copy of the Settlement Agreement is attached hereto as Exhibit "A" and the terms of the settlement are incorporated herein by reference.  Trustee hereby requests that the Court approve the Settlement Agreement and expressly retain jurisdiction to enforce its Order approving the Settlement Agreement and the terms and obligations set forth in the Settlement Agreement, upon dismissal of the adversary proceeding.

1668661-1                                                    2

10.    Bankruptcy Rule 9019 provides that, after notice and hearing, a court may approve a proposed settlement or compromise. The decision whether to accept or reject a compromise lies within the sound discretion of the court. See In re Apex Oil Co.,  92 B.R. 847, 866 (E.D. Mo. 1988). In the Eighth Circuit, the four criteria generally relevant in determining whether to approve a settlement include:

(a)    the probability of success in the litigation;

(b)    the likely difficulties, if any, to be encountered in the matter of collection;

(c)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

(d)    the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

See Apex Oil, 92 B.R. at 867 (citing Drexel v. Loomis, 35 F.2d 800, 806 (8th Cir.1992)). To approve a settlement under Bankruptcy Rule 9019, the Court need only determine that the proposed settlement meets the lowest level of reasonableness. See In re New Concept Housing, Inc., 951 F.2d 932, 938 (8th Cir. 1991)(internal citation omitted). In making its determination, a court should not substitute its own judgment for that of the Trustee. Apex Oil, 92 B.R. at 867.

11.    As stated above, the Settlement Agreement was negotiated at arms-length by the parties, meets the standards set forth above because it is a fair and reasonable compromise between the parties and prevents expensive litigation between the parties and, as a result, is in the best interests of the estate and represents a fair and reasonable settlement for all parties.

12.    The Trustee further requests that this Court authorize the co-responsible parties of the Debtor to prepare and file a corrected W-2 and any other related tax documents for 2014, as might be necessary and as allowed by law, to reflect any reductions in income to Mann that may

result from the Settlement Agreement and the payment of the Settlement Amount.  Related

thereto, the Settlement Agreement provides that (i) neither the Trustee nor the Debtor's

bankruptcy estate shall be responsible for any costs associated with such amendments or

corrections and (ii) Mann shall promptly provide the Trustee with a copy of any corrected W-2

and/or other related tax documents filed by her or on her behalf.

13.     Finally, as the Settlement Agreement includes a compromise of state law

fraudulent conveyance claims under the Missouri Uniform Fraudulent Transfer Act (the

"UFTA") and all known creditors of the Debtor and other parties in interest are receiving notice

of this Motion and the settlement described herein, the Trustee requests that the Order of this

Court granting this Motion and approving the Settlement Agreement declare that the compromise

of the UFTA claims between the Trustee and Mann is binding on all noticed creditors and other

parties in interests and that such creditors and other parties in interest shall be prohibited from

pursuing any such UFTA claims against Mann in the future.

WHEREFORE, the Trustee prays that this Honorable Court make and enter its Order (i)

granting this Motion to Compromise Controversy; (ii) approving the Settlement Agreement; (iii)

authorizing the Trustee to complete the terms of the Settlement Agreement; (iv) authorizing the

co-responsible parties of the Debtor to prepare and file a corrected W-2 and any other related tax

documents for 2014, as might be necessary and as allowed by law, to reflect any reductions in

income to Mann that may result from the Settlement Agreement and the payment of the

Settlement Amount; (v) providing that (i) neither the Trustee nor the Debtor's bankruptcy estate

shall be responsible for any costs associated with such amendments or corrections and (ii) Mann

shall promptly provide the Trustee with a copy of any corrected W-2 and/or other related tax

documents filed by her or on her behalf; (vi) declaring that the compromise of the UFTA claims

1668661-1                                                       4

between the Trustee and Mann is binding on all noticed creditors and other parties in interests

and that such creditors and other parties in interests shall be prohibited from pursuing any such

UFTA claims against Mann in the future; and (vii) granting such additional relief as the Court

deems just and proper.

Respectfully Submitted,
SUMMERS COMPTON WELLS LLC

Date:  September 21, 2015          By: /s/ Brian J. LaFlamme
                                   Brian J. LaFlamme, #49776MO
                                   Attorney for Trustee
                                   8909 Ladue Road
                                   St. Louis, MO 63124
                                   (314) 991-4999/(314) 991-2413 Fax
                                   trusteeatty@summerscomptonwells.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri to the parties requesting service by electronic filing.  I hereby also certify that a copy of the foregoing was served via United States Mail, first class postage prepaid, on the date of the electronic filing of this document to those individuals and entities not requesting service by electronic filing.  The individuals and entities being served electronically or by mail are:

United States Department of Justice
U.S. Trustee's Office
111 S. 10th Street, Ste. 6353
St. Louis, MO 63102

Robert E. Eggmann
Desai Eggmann Mason LLC
7733 Forsyth Boulevard, Suite 800
Clayton, MO 63105

Green Jacobson, P.C.
7733 Forsyth Blvd., Suite 700
Clayton, MO 63105

Thomas H. Riske
Desai Eggmann Mason LLC
7733 Forsyth Blvd., Suite 800
Clayton, MO 63105

SKMDV Holdings, Inc.
4235 Austin Ridge Drive
St. Charles, MO 63304

Brian W. Hockett
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101

1668661-1

5

David A. Warfield                         Deborah Mann
Thompson Coburn LLP                       Law Offices of Martin M. Green, P.C.
One US Bank Plaza                         7733 Forsyth Blvd., Suite 700
St. Louis, MO 63101                       Clayton, MO 63105


Date:  September 21, 2015                              /s/ Marquita Monroe