# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| **GREEN JACOBSON, P.C.,** | ) | **In Proceedings Under Chapter 7** |
| | ) | |
| **Debtor.** | ) | **Case No.: 15-41404-705** |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Hearing Date:  September 23, 2015** |
| | ) | **Hearing Time: 9:30 a.m.** |
| | ) | **Location: 111 South Tenth Street** |
| | ) | **Courtroom 7 South** |
| | ) | **St. Louis, MO  63101** |
| | ) | |
| | ) | **Robert E. Eggmann, Esq.** |
| | ) | **Thomas H. Riske, Esq.** |
| | ) | **Desai Eggmann Mason LLC** |
| | ) | **7733 Forsyth Blvd., Suite 800** |
| | ) | **St. Louis, Missouri  63105** |
| | ) | **(314) 881-0800** |
| | ) | |
| | ) | **David P. Stoeberl, #46024MO** |
| | ) | **120 South Central Avenue, Suite 1800** |
| | ) | **St. Louis, Missouri 63105** |
| | ) | **(314) 854-8600  Telephone** |
| | ) | **(314) 854-8660  Facsimile** |
| | ) | **dps@carmodymacdonald.com** |

## OBJECTION OF MARTIN M. GREEN TO FIRST INTERIM APPLICATION OF SUMMERS COMPTON WELLS LLC FOR COMPENSATION AS ATTORNEYS FOR TRUSTEE FOR THE TIME PERIOD APRIL 16, 2015 TO JULY 31, 2015

Martin M. Green ("Mr. Green"), by and through his undersigned counsel, for his Objection to First Interim Application of Summers Compton Wells LLC for Compensation as Attorneys for Trustee for the Time Period April 16, 2015 to July 31, 2015, states as follows:

1.      On March 3, 2015 (the "Petition Date"), an involuntary petition in bankruptcy was commenced against Green Jacobson, P.C. (the "Debtor"). On April 15, 2015, Debtor consented to an order for relief under Chapter 7 of the United States Bankruptcy Code.

2.      On April 16, 2015 (the "Order for Relief Date"), the Court entered its order granting relief under Chapter 7.  On that same date, David A. Sosne was appointed Chapter 7 Trustee (the "Trustee").

3.      On August 31, 2015, Summers Compton Wells LLC ("Applicant") filed its First Interim Application of Summers Compton Wells LLC for Compensation as Attorneys for Trustee for the Time Period April 16, 2015 to July 31, 2015 (the "First Fee Application").

4.      In its First Fee Application, Applicant seeks fees in the amount of $109,692.00 for legal services provided by six (6) attorneys and four (4) paraprofessionals over the course of approximately three (3) months.

5.      After notice and a hearing, the court may award to a professional person employed under § 327 "reasonable compensation for actual, necessary services rendered" by such a professional person. 11 U.S.C. § 330(a)(1).

6.      In determining the amount of reasonable compensation to be awarded, the court considers the nature, the extent, and the value of such services, taking into account all relevant factors, including the time spent on such services; the rates charged for such services; whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.  11 U.S.C. § 330(a)(3)(A) - (E)

7.      The court should not allow compensation for unnecessary duplication of services; or services that were not reasonably likely to benefit the debtor's estate; or necessary to the

2

administration of the case.  11 U.S.C. § 330(a)(4)(A)

8.      A professional seeking an order authorizing compensation must provide a "detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a).

9.      Professional fees may not be awarded unless and until the Applicant shows that there is a benefit to the estate and that the fees are reasonable and necessary. Benefit to the estate and necessity are critical threshold issues before the awarding of any fees or compensation. *See Rubner & Kutner, P.C. v. United States Trustee,* 997 F.2d 1321, 1322-23 (10th Cir. 1993) (holding that the disallowance of fees for services which were not necessary or beneficial to the estate should not be considered a penalty but rather a statutory imperative). To be compensable, the professional's services must have been necessary and beneficial to the estate or its creditors. *See In re Engel*, 124 F.3d 567, 573 (3d Cir. 1997).

10.     The Applicant bears the burden of proving an entitlement to fees. *See Id*. at 573; *Johnson v. Holiday Express Inc.,* 488 F.2d 714 (6th Cir. 1974).  Further, bankruptcy courts have an independent duty to review fee applications, regardless of whether any party in interest objects. *See In re Busy Beaver Bldg. Centers., Inc.,* 19 F. 3d 833, 841 (3d Cir. 1994).

11.     If an applicant fails to sustain its burden on reasonableness, a court may properly deny the application for compensation. *See In re Beverly Mfg. Corp*., 841 F.2d 365, 371 (11th Cir. 1988).  Similarly, a court may reduce a professional's fees or expenses when they are disproportionate to the benefit to the estate, even if the court already has approved the professional's retention under Sections 327 and 328 of the Bankruptcy Code. *See In re Taxman Clothing Co.,* 49 F.3d 310, 316 (7th Cir. 1995); *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.,* 50 F.3d 253, 262-63 (3d Cir. 1995) (affirming lower court's denial of improperly

documented and inadequately detailed expenses).

12.    Applicants must supply sufficient information to enable proper analysis of the services rendered. Fed. R. Bankr. P. 2016(a).  In order to allow such an analysis to take place, an applicant must describe in detail the services rendered, the time expended and the expenses incurred. *See, e.g., In re Busy Beaver Bldg. Centers., Inc.,* 19 F. 3d at 845; *Matter of Meade Land & Dev. Co.,* 577 F.2d 858, 859 (3d Cir. 1978).

13.    Applications that fail to identify or itemize particular tasks or services should not be awarded compensation. *See In re Poseidon Pools of America, Inc.,* 180 B.R. 718, 730-31 (Bankr. E.D.N.Y. 1995) (holding that an applicant should sufficiently identify and itemize services, or else it would be difficult if not impossible for the Court to determine the reasonableness of each task or service).

14.    Another factor in the analysis of a fee application is whether time spent on tasks may be duplicative or excessive. 11 U.S.C. § 330(a)(4)(A)(i).  The applicant should sufficiently identify and itemize its services so a determination of the reasonableness of each task may be achieved. *In re The Bennet Funding Group, Inc.,* 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997); *In re Poseidon Pools of America, Inc.,* 180 B.R. at 730-31 (Bankr. E.D.N.Y. 1995).

15.    Time entries may not be vague or "lumped" together.  An applicant has the burden of proving the reasonableness of its fee requests; accordingly, it must provide specific and detailed time records beyond the summary set forth as Exhibit A to the First Fee Application.  In order to enable the Court to determine whether a professional's time spent on a task is reasonable, time entries must be specific, and the records must clearly identify each discrete task billed. *See In re Baker,* 374 B.R. 489, 495 (Bankr. E.D.N.Y. 2007) ("The records must be detailed enough to enable a Court to determine whether the attorneys are claiming

compensation for hours that are 'redundant, excessive, or otherwise unnecessary.'"); *see also In re Bennett Funding Group,* 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997) ("In cases where the time entry is too vague or insufficient to allow for a fair evaluation of the work done and the reasonableness and necessity for such work, the court should disallow compensation for such services."). Vague entries "make a fair evaluation of the work done and the reasonableness and necessity for the work extremely difficult, if not impossible." *In re Hudson,* 364 B.R. 875, 880 (Bankr. N.D.N.Y. 2007).

16.    Applicant's First Fee Application includes time entries that appear to exceed reasonable staffing or the work performed. This is a bankruptcy proceeding involving a small law firm, not a large corporation.  In only three months, over $100,000 is being sought in compensation by over a half-dozen lawyers and four paralegals—a larger legal team than employed by the Debtor.  Simply put, the number of professionals who billed to this matter in a short period of time is excessive and demands scrutiny.  When more than one professional is working on a case in the same capacity as another, the likelihood of duplication of effort increases.  Such is the case here.  But the time entries set forth on the First Fee Application are not sufficiently descriptive to permit a meaningful determination whether the professionals involved are seeking compensation for services that may be duplicative.  Accordingly, Mr. Green requests that the professionals representing the Trustee who each bill separately for identical services should have their compensation reduced to correct for excessive or duplicative hours.

17.    Mr. Green further objects to the First Fee Application to the extent the work performed by Applicant was not reasonable and necessary.  Mr. Green would point to specific time entries but the Applicant's time records included in the First Fee Application do not

disclose enough information to allow such an analysis. The absence of detail alone, through, calls into question the necessity of the services and their reasonableness.  At bottom, Applicant has the burden of showing that its fees are reasonable and necessary and, as stated above, this entails a detailed showing that the services provided were necessarily and fairly incurred. Absent such a showing, Mr. Green requests that the Court reduce Applicant's request by such work that was not reasonable and necessary.

18.    Mr. Green reserves the right to supplement his objection upon the production of more specific time records and documentation by Applicant.

WHEREFORE, for the foregoing reasons, Martin M. Green respectfully requests the Court grant the foregoing relief with respect to the Application and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

DESAI EGGMANN MASON LLC

By: /s/ *Robert E. Eggmann*
    ROBERT E. EGGMANN #37374MO
    THOMAS H. RISKE #61838MO
    7733 Forsyth Boulevard, Suite 800
    St. Louis, Missouri  63105
    (314) 881-0800
    (314) 881-0820 – FAX
    reggmann@demlawllc.com
    triske@demlawllc.com

CARMODY MACDONALD P.C.
    David P. Stoeberl, #46024MO
    120 South Central Avenue, Suite 1800
    St. Louis, Missouri 63105
    (314) 854-8600  Telephone
    (314) 854-8660  Facsimile
    dps@carmodymacdonald.com

Attorneys for Martin M. Green

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri or via U.S. Mail, postage prepaid, this 21st day of September, 2015, to:

Office of U.S. Trustee
111 South Tenth Street, Suite 6353
St. Louis, MO  63102

David A. Warfield, Esq.
Jan Paul Miller, Esq.
Brian W. Hockett, Esq.
Matthew Guletz, Esq.
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101
Attorneys for Petitioning Creditor SKMDV Holdings, Inc.

Daniel D. Doyle, Esq.
Lashly Baer
714 Locust Street
St. Louis, MO 63101
Attorney for David P. Oetting

Christine R. Etheridge
Bankruptcy Administration
GE Information Technology Solutions fdba
IKON Financial Services
1738 Bass Road, PO Box 13708
Macon, GA  31208-3708

David T. Ahlheim, Esq.
Childress Ahlheim Cary LLC
1010 Market Street, Suite 500
St. Louis, MO  63101
Attorneys for Federal Insurance Company

David A. Sosne, Esq.
Summers Compton Wells LLC
8909 Ladue Road
St. Louis, MO  63124
Chapter 7 Trustee

Brian J. LaFlamme, Esq.
Bonnie L. Clair, Esq.
Stephen C. Hiotis, Esq.
Summers Compton Wells LLC
8909 Ladue Road
St. Louis, MO  63124
Attorneys for Chapter 7 Trustee

Ira Bergman, CPA
Bergman & Schraier & Co., PC
9666 Olive Blvd., #710
St. Louis, MO  63132

Stephen J. DeFeo
Brown & Connery, LLP
360 Haddon Avenue
PO Box 539
Westmont, NJ  08108

Ryan C. Hardy
Spencer Fane Britt & Browne LLP
One North Brentwood Blvd., 10th Floor
St. Louis, MO 63105

*/s/ Robert E. Eggmann*