UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 15-41404-705 |
| ) | Honorable Charles E. Rendlen, III |
| GREEN JACOBSON, P.C., ) | Chapter 7 |
| ) | Hearing Date:  November 9, 2016 |
| Debtor. ) | Hearing Time:  10:00 a.m. |

**OBJECTION TO MOTION TO COMPROMISE AND SETTLEMENT**

COMES NOW, David P. Oetting, Class Representative of the NationsBank class and objects to the proposed compromise and settlement with Andres/Flame on following grounds:

a. <u>Financial Aspects</u>:  The exhibits referenced in the settlement attached to the Motion to Compromise (Doc 319) ("Motion") which are a goodly portion of the significant financial aspects of the settlement, are omitted. In particular, there are specific references to the split of fees in two cases in the body of the Settlement Agreement, dated October 3, 2016 ("Settlement"), paragraph 8(d), and a reference to other splits of fees in an omitted Exhibit 3. This surfaces because Andres is apparently getting such a better deal than any of the other settled shareholders.  It also seems odd because he is the admitted source of the SKMDV problem and the bankruptcy filing, yet he is paying just $10,000 down and the rest is deferred and apparently is forgiven if there is enough other money from other sources to pay claims.

b. <u>Inadequate Notice/Jurisdiction:</u>  The notice provides only part of the settlement.  In addition to the Settlement is paragraph 20 of Motion:

1

      20. Finally, the Settlement Agreement includes a compromise of state law fraudulent conveyance claims under the Missouri Uniform Fraudulent Transfer Act (the "UFTA"). All known creditors of the Debtor and other parties in interest are receiving notice of this Motion and the settlement described herein. The Trustee requests that the Order of this Court granting this Motion and approving the Settlement Agreement declare that the compromise of the UFTA claims between the Trustee and Andres and Frame is binding on all noticed creditors and other parties in interests, and that such creditors and other parties in interest shall be prohibited from pursuing any such UFTA or Chapter 5 claims against Andres and Frame in the future.

As noted in paragraph 17 of Motion, knowledge of the facts is a predicate to a knowing approval of a settlement. As such, the notice is inadequate. Further, this Court does not have jurisdiction to prohibit the pursuit of claims by creditors against the non-Debtor Andres (and Flame).

c. <u>Conflict</u>: Part of the consideration in the Settlement is that Andres testify against his former client, NationsBank class, regarding the legal fees issues. Andres' favorable settlement in exchange for testifying against his former client raises at least the appearance of impropriety. Further, he apparently continues to hold the money. See paragraph 12 of Settlement.

d. <u>Missouri Rule 4</u>: The waiver of liability in paragraph 20 of the Motion that results from the compromise affects the NationsBank class entirely differently than any other creditor. No other creditor is a former client with unliquidated claims. And no other creditor is a former client where the now adversary party is still holding funds belonging to the client. Missouri Rule 4 is operable in this Court via local rule and the compromise purports to obfuscate the rule. Particularly, Rule 4-1.15 deals with safekeeping of client funds and Claim 8, now amended, deals with client funds that have been hidden by the Debtor and not reported to the MDL Court and which resulted in a court-ordered audit. So far, there is some $35,000 in an account and some $220,000 that Debtor did something with that Heffler, Radetich & Saitta, LLP, the claims administrator, cannot determine as part of the court-ordered audit. This is in addition to the approximately $98,000 in the IOLTA account which is part of Claim 1, as amended. Further, Debtor has not filed a final accounting in the MDL Court for their tenure. These duties are imposed

2

on individual lawyers and since the audit is incomplete, paragraph 20 is objectionable to the extent it inhibits or prevents the NationsBank class from pursuing its remedies with respect to class funds, known, unknown, missing or unexplained against Andres or any of the other former partners or shareholders of the Debtor. Mishandling of client trust funds is a serious ethical violation as is noted in recent Missouri decisions. See, *In re Sean E. Bryant* SC95686 and In re: *Michael Wayne Blum* SC95595.

WHEREFORE, the Class Representative prays this Court to (a) order that the missing exhibits be disclosed as part of the Motion and Settlement; (b) order Mr. Andres to turn over funds belonging to the NationsBank class to either the IOLTA account or the registry of the MDL Court; and (c) deny the Motion to the extent paragraph 20 restricts, interferes with or otherwise compromises the ability of NationsBank class to seek and recover its funds or purport to modify the requirements of Missouri Rule 4.

Respectfully submitted,

*/s/ David P. Oetting*
David P. Oetting, NationsBank Class Representative
8 Glenview Road
St. Louis, MO 63124
314-607-6274
dpoetting@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri to the parties requesting service by electronic filing.

*/s/ David P. Oetting*
David P. Oetting

3