**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 15-41404-705 |
| | ) | Honorable Charles E. Rendlen, III |
| GREEN JACOBSON, P.C., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hearing Date:  July 25, 2017 |
| | ) | Hearing Time:  10:00 a.m. |

## MOTION TO COMPROMISE CONTROVERSY

COMES NOW David A. Sosne ("Trustee"), duly appointed and qualified Chapter 7 Trustee for the bankruptcy estate of Green Jacobson, P.C. (the "Debtor"), by and through his undersigned counsel, and for his Motion to Compromise Controversy (the "Motion"), respectfully states to this Honorable Court as follows:

1. On or about March 3, 2015 (the "Petition Date"), an involuntary petition under Chapter 7 of the United States Bankruptcy Code was filed against Debtor in the United States Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court").

2. The Order for Relief was entered in this case on April 16, 2015, and Trustee was appointed as the Chapter 7 Trustee of Debtor's bankruptcy estate contemporaneously therewith.

3. The court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Local District Rule 9.01(B)(1).  This matter is a core proceeding within the meaning of 28 U.S.C.§ 157(A), (E), (F), (H) and (O).

4. Venue of this proceeding in this District is proper under 28 U.S.C. §§1408 and 1409.

5. On or about May 5, 1997, the Debtor, as lessee, entered into a Lease Agreement with KBSII Pierre Laclede Center, LLC ("KBSII"), as Lessor, for certain office space located at 7733 Forsyth Boulevard, Suite 700, Clayton, Missouri, 63105 (the "Office") to use as Debtor's

principal place of business.  As the result of multiple amendments to the aforementioned lease, the current lease of the Office extends through July 31, 2015.

6. On or about January 22, 2015, after ceasing all business operations, the Debtor issued Check No. 1056, in the amount of $134,225.94, to KBSII (the "Rent Transfer").  This payment represented payment in full of the base rent, as well as the operating expense and property tax recovery, due under the aforementioned lease, as amended, for February 2015 through and including July 2015.

7. From the cessation of the Debtor's business operations, effective December 31, 2014, through the end of the Debtor's lease term, the Office primarily was utilized as the principal offices for Jonathan F. Andres, P.C. and Martin Green, P.C.

8. Prior the Petition Date, Jonathan F. Andres ("Andres") was a shareholder, officer, director and employee of Debtor.  Andres is the sole shareholder of Jonathan F. Andres, P.C. ("JFA").

9. The Trustee has claimed that the Rent Transfer is avoidable under one or more provisions of Chapter 5 of the United States Bankruptcy Code and/or Missouri's Uniform Fraudulent Transfer Act and that Andres and JFA (along with other entities) are otherwise obligated to reimburse the bankruptcy estate for their occupancy of the Premises (the "Rent Claims").  The Rent Claims were asserted against Andres and JFA (along with other defendants) in an adversary complaint filed by the Trustee in Bankruptcy Court styled *David A. Sosne, in his capacity as Chapter 7 Trustee for Green Jacobson, P.C. v. Martin M. Green, et. al.*, and assigned Case No. 15-04160-705 (the "Rent Lawsuit").[1]

10. To avoid the time, cost, and risk associated with litigation, the Trustee, JFA, and Andres engaged in good faith, arm's-length settlement negotiations and agreed to settle the Rent

---

[1] Trustee previously settled with all defendants other than Andres and JFA.

1927407-1

2

Claims. The negotiations were extensive, time-consuming, and addressed a multitude of complex issues.

11.  The terms of the settlement are set forth in the Settlement Agreement by and between the Trustee, Andres, and JFA.  A copy of the Settlement Agreement is attached hereto as Exhibit "A". The terms of the settlement are incorporated herein by reference.

12.  By and through this Motion, Trustee requests that the Court approve the Settlement Agreement and expressly retain jurisdiction to enforce its Order approving the Settlement Agreement and the terms and obligations set forth in the Settlement Agreement.

13.  Bankruptcy Rule 9019 provides that, after notice and hearing, a court may approve a proposed settlement or compromise. The decision whether to accept or reject a compromise lies within the sound discretion of the court. See In re Apex Oil Co., 92 B.R. 847, 866 (E.D. Mo. 1988). In the Eighth Circuit, the four criteria generally relevant in determining whether to approve a settlement include:

 (a)  the probability of success in the litigation;

 (b)  the likely difficulties, if any, to be encountered in the matter of collection;

 (c)  the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and

 (d)  the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

See Apex Oil, 92 B.R. at 867 (citing Drexel v. Loomis, 35 F.2d 800, 806 (8th Cir.1992)). To approve a settlement under Bankruptcy Rule 9019, the Court need only determine that the proposed settlement meets the lowest level of reasonableness. See In re New Concept Housing, Inc., 951 F.2d 932, 938 (8th Cir. 1991) (internal citation omitted). In making its determination, a court should not substitute its own judgment for that of the Trustee. Apex Oil, 92 B.R. at 867.

1927407-1                                          3

17. The Trustee and his counsel engaged in extensive and lengthy negotiations with Andres and JFA to finalize and memorialize the settlement terms set forth in the Settlement Agreement. The Trustee has done extensive due diligence in reviewing the assets and claimed assets of the bankruptcy estate, including the Rent Claims, the complexity of the factual and legal issues involved, the likely time and expense of litigation with Andres and JFA, and the fact that there is never a one hundred percent guaranty of success in any litigated matter. After engaging in that analysis, it is the Trustee's business judgment that the Settlement Agreement is in the best interests of the estate.

18. As stated above, the Settlement Agreement was negotiated at arm's-length by the parties, meets the standards stated above because it is a fair and reasonable compromise between the parties and prevents expensive litigation between the parties and, as a result, is in the best interests of the estate and represents a fair and reasonable settlement for all parties.

WHEREFORE, the Trustee prays that this Honorable Court make and enter its Order (i) granting this Motion to Compromise Controversy; (ii) approving the Settlement Agreement; (iii) authorizing the Trustee to complete the terms of the Settlement Agreement; and (iv) granting such additional relief as the Court deems just and proper.

Respectfully Submitted,
SUMMERS COMPTON WELLS LLC

Date: June 28, 2017

By: /s/ Brian J. LaFlamme
Brian J. LaFlamme, #49776MO
Attorney for Trustee
8909 Ladue Road
St. Louis, MO 63124
(314) 991-4999/(314) 991-2413 Fax
trusteeatty@summerscomptonwells.com

# CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served on June 28, 2017 via electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri to the parties requesting service by electronic filing. I hereby also certify that a copy of the foregoing was served on June 28, 2017 via United States Mail, first class postage prepaid to those individuals and entities not requesting service by electronic filing. The individuals and entities being served electronically or by mail are:

United States Department of Justice
U.S. Trustee's Office
111 S. 10th Street, Ste. 6353
St. Louis, MO 63102

Robert E. Eggmann
Desai Eggmann Mason LLC
7733 Forsyth Boulevard, Suite 800
Clayton, MO 63105

Green Jacobson, P.C.
7733 Forsyth Blvd., Suite 700
Clayton, MO 63105

Thomas H. Riske
Desai Eggmann Mason LLC
7733 Forsyth Blvd., Suite 800
Clayton, MO 63105

SKMDV Holdings, Inc.
4235 Austin Ridge Drive
St. Charles, MO 63304

Brian W. Hockett
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101

David A. Warfield
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101

Law Offices of Martin M. Green, P.C.
Attn: Deborah Mann
7733 Forsyth Blvd., Suite 700
Clayton, MO 63105

Jacobson Press & Fields P.C.
Attn: Joe Jacobson
168 N. Meramec Ave., Suite 150
Clayton, MO 63105

David P. Oetting, Class Representative
NationsBank Class
8 Glenview Road
St. Louis, MO 63124

Michael Gross
Michael Gross Law Firm
231 South Bemiston Avenue
Suite 250
Clayton, MO 63105

Andres Law Firm, P.C.
c/o Jonathan F. Andres
7733 Forsyth Blvd., Suite 700
Clayton, MO 63105

Jonathan F. Andres
7733 Forsyth Blvd., Suite 700
Clayton, MO 63105

Laura Frame
1127 Hoot Owl Road
St. Louis, MO 63005

Date: June 28, 2017            /s/ Christina Hauck

1927407-1      5