**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Case No. 15-41404-705 |
| | ) Honorable Charles E. Rendlen, III |
| GREEN JACOBSON, P.C., | ) Chapter 7 |
| | ) |
| Debtors. | ) Hearing Date: January 30, 2018 |
| | ) Hearing Time: 10:00 a.m. |

## NOTICE OF HEARING

TAKE NOTICE THAT the foregoing Objection to Claim is set for hearing on the **30th of January, 2018** at **10:00 am**, in the United States Bankruptcy Court, Thomas F. Eagleton Courthouse, 111 South 10th Street, 7th Floor, South, Courtroom, St. Louis, Missouri 63102. You may file a written response with the Clerk of the Bankruptcy Court, Fourth Floor, Room 4.380, Thomas F. Eagleton Building, 111 South Tenth Street, St. Louis, Missouri 63102, and a copy thereof mailed to the Attorney for Trustee. If you do not file a written response, the Trustee does not intend to appear at the scheduled hearing as set forth above and YOUR CLAIM MAY BE DISALLOWED ENTIRELY WITHOUT A HEARING.

**WARNING: THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE BY JANUARY 23, 2018. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING, THE DATE IS SET OUT ABOVE. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

## OBJECTION TO CLAIM

COMES NOW David A. Sosne, Chapter 7 Trustee for the bankruptcy estate of Green Jacobson, P.C. (the "Trustee"), by and through counsel, and hereby objects to the claim described below for the reason(s) set forth:

Claimant:     Department of Treasury - Internal Revenue Service
              Internal Revenue Service
              P.O. Box 7346
              Philadelphia, PA 19101-7346

Claim No.     9-7                    Amount:  $85,005.77

1. Claim No. 9-7, filed on September 21, 2017, amended and superseded all previously filed claims of the Internal Revenue Service (the "IRS").

2. Claim No. 9-7 was filed in the amount of $85,005.77 and purportedly relates to withholding taxes the IRS claims are due on account of payments made by Debtor to its independent and unaffiliated attorneys and accountants prior to the petition date in this bankruptcy case. However, in reality, the sums sought via Claim No. 9-7 are nothing more than penalties resulting from the failure of Debtor/the estate to file a Form 1099 for certain pre-petition payments made to Debtor's accountants and attorneys.

3. For the reasons set forth hereafter, Trustee asserts that there is no tax liability owed from the estate to the IRS on account of the tax year of 2015. Alternatively, should this Court determine that a tax liability exists for 2015, the amount stated as due in Claim No. 9-7 is excessive and represents a subordinated tax penalty claim.

4. Attached hereto as Exhibit "A" is a redacted copy of Form 886A Explanation of Items. This Form 886A was sent to Trustee in connection with Form 2504 Agreement to Assessment and Collection of Additional Tax and Acceptance of Overassessment and Form 4668-B Report of Examination of Withheld Federal Income Tax, each of which was dated as of July 26, 2017. Redacted copies of Forms 2504 and 4668-B are also attached hereto as Exhibit "A".

5. The forms attached as Exhibit "A" reveal that, after reviewing the financial records of Debtor, the IRS determined that certain payments from Debtor in 2015 to various parties, in the aggregate amount of $230,868.45, required Debtor to file a Form 1099 for each payment made to an independent attorney or accountant. Because a Form 1099 was not filed for each of the enumerated payments on Exhibit "A", the IRS defaulted to the position that wage withholdings were required and assessed a tax of $64,643.17 and a penalty of $20,362.60, as described in greater detail in Exhibit "A". The tax liability stated in Claim No. 9-7 is illustrative of this assessment.

6. By letter dated August 4, 2017, Trustee notified the IRS of certain errors contained in the forms attached as Exhibit "A". As a result of the August 4, 2017

1986833-1                              2

correspondence, Trustee received amended Forms 886A, 2504 and 4668-B, redacted copies of which are attached hereto as Exhibit "B". These documents show a reduction of the assessed tax liability to $16,588.49 and a reduction of the penalty to $5,225.37.

7.  By letter dated August 31, 2017, Trustee submitted a "small case request" to the IRS and officially disputed the tax and penalty assessed in the forms attached as Exhibit "B". To date, Trustee has received no response from the IRS on account of his "small case request".

8.  Trustee obtained a Form 4669 from Desai Eggmann Mason LLC ("DEM") and submitted the Form 4669, along with a Form 4670, to the IRS via letter dated September 14, 2017. The information contained in these forms should, per the Internal Revenue Code and regulations, negate any tax liability and/or penalty related to the DEM payment listed in referenced in Exhibits "A" and/or "B", but Trustee has not received any notice of reduction of the prior assessment.

9.  To date, Trustee has been unable to obtain a Form 4669 from Mr. Gross or CBIZ on account of the payments referenced in Exhibits "A" and/or "B". However, Trustee submits to this Court that, particularly in the context of claims litigation in a bankruptcy case, substance should prevail over form and that, based on the facts and circumstances of the payments to Mr. Gross or CBIZ (the appellate attorney and personal property accountant of the Debtor, respectively), no back-up withholding was necessary and no tax or penalty should be due from the bankruptcy estate. Taxes were paid by the named payees, and the payments were not of the type requiring any back-up withholding. Further, none of the payees in question were employees of Debtor, and the payments were made to the payees for professional services rendered in the ordinary course of business of each of the payees and the Debtor. The bankruptcy estate should not be held financially responsible for a failure to provide a Form 1099 when each of the payments by the Debtor was reported to the IRS and taxes were paid by the associated payee in the 2015. By submitting Claim No. 9-7, the IRS essentially asks this Court to honor form over substance and find that, notwithstanding reality, the estate should be deemed to owe back-up withholdings on amounts that were not wages and on which the recipients paid taxes. This would create a windfall to the IRS to the detriment of legitimate estate creditors. As a result, Claim No. 9-7 should be denied in its entirety.

10. In the event this Court determines that the estate is liable to the IRS due to the failure to file Form 1099s, Claim No. 9-7 is excessive in that it (i) exceeds the amount actually assessed against the bankruptcy estate by the IRS in the amended Forms 886A, 2504 and 4668-B attached as Exhibit "B" and (ii) does not account for the Forms 4669 and 4670 that were submitted to the IRS for the DEM payment or the Form 1099 filed by Mr. Gross for $3,330.00 (of the $34,645.64 initially retained) that was paid to co-counsel.

11. Additionally, any liability owed by the estate to the IRS on account of Claim No. 9-7 should be subordinated to the claims of general unsecured creditors as a tax penalty. As detailed above, there is no question that backup withholding taxes are not due and owing on account of the payments listed in Exhibit "B" and that any liability assessed against the estate for back-up withholding is nothing more than a penalty for the failure to provide a Form 1099 for

1986833-1                                                       3

each of the payments. As a result, any allowed portion of Claim No. 9-7 and should be subordinated to general unsecured claims and treated in accordance with 11 U.S.C. § 726(a)(4).

WHEREFORE, Trustee prays that said claim be disallowed and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,
SUMMERS COMPTON WELLS LLC

Date: December 20, 2017

By: /s/ Brian J. LaFlamme
BRIAN J. LAFLAMME #49776MO
Attorney for Trustee
8909 Ladue Road
St. Louis, MO 63124
(314) 991-4999/(314) 991-2413 Fax
Blaflamme@summerscomptonwells.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was filed electronically on December 20, 2017 with the United States Bankruptcy Court for the Eastern District of Missouri and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List. I further certify that a true and correct copy of the foregoing document has also been served by Regular United States Mail Service, first class, postage fully pre-paid, addressed to those parties listed below on December 20, 2017:

Green Jacobson, P.C.
7733 Forsyth Blvd., Suite 700
Clayton, MO 63105

SKMDV Holdings, Inc.
4235 Austin Ridge Drive
St. Charles, MO 63304

Department of Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Date: December 20, 2017

/s/ Marquita Monroe

1986833-1                                                          4