IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: ) | |
| ) | Case no. 15-41404-705 |
| GREEN JACOBSON, P.C.,  ) | Chapter 7 |
| ) | Judge Chas. E. Rendlen, III |
| Debtor. ) | |
| ) | Hearing: 10:00a.m., Jan. 30, 2018 |

**UNITED STATES' RESPONSE IN OPPOSITION TO TRUSTEE'S
OBJECTION TO CLAIM OF INTERNAL REVENUE SERVICE**

On December 20, 2017, the Chapter 7 Trustee filed an objection to Claim No. 9-7 of the Internal Revenue Service. (Doc. 495.) That IRS claim listed an unsecured priority claim in the amount of $64,643.17 and an unsecured general claim of $20,362.60. As the Trustee acknowledges in his objection, the IRS reduced the amount it is seeking in this bankruptcy to reflect information received from the Trustee since the filing of Claim 9-7. Attached as Exhibit B to the Trustee's objection is an IRS revenue agent's report that shows what would be a priority claim of $16,588.49 and an unsecured general claim of $6,785.37. (*See* Exh. B to Trustee's Objection [Doc. 495-2].) Based on further information provided by the Trustee, the IRS has now reduced its claim again. The IRS presently asserts a priority claim of $1,244.60 and an unsecured general claim of $6,785.37. To the extent the Trustee continues to object to the claim, his objection should be denied and the IRS claim allowed as set forth and explained herein.

In 2015 the debtor made payments totaling $59,244.60 to three accounting or law firm entities –CBIZ ($1,115.00), Desai Eggmann Mason ($23,484.00), and Law Office of Michael Gross ($34,645.60) –for services rendered to it. The debtor was required to report these payments to the IRS on a Form 1099. *See* 26 U.S.C. §§ 6041, 6041A, 6045(f). The debtor did not issue a 1099 with respect to the payments. Moreover, because the payees did not furnish their taxpayer identification numbers to the debtor, the debtor was required to withhold a portion

of the payments as backup withholding tax.  26 U.S.C. § 3406(a).  The $16,588.49 priority claim set forth in Exhibit B (Doc. 495-2) consisted of the tax that the debtor was required to have withheld from the $59,244.60 payments made to the three payees.[1]  A portion of the unsecured general claim ($5,225.37) is the penalty amount associated with the unpaid tax.  26 U.S.C. § 6651(a)(1) (failure to file) and 6651(a)(2) (failure to pay).  The remainder of the unsecured general claim ($1,560.00) are penalties based on the debtor's failure to file with the IRS and furnish to the three payees a Form 1099 for the payments made during 2015.  26 U.S.C. § 6721(a)(1) and (a)(2).

     As the Trustee correctly intimates, if the payor fails to deduct and withhold the taxes, but can show that the payee paid the tax, the amount will not be collected from the payor.  26 U.S.C. §§ 3406(h)(10), 3402(d).  IRS Forms 4669 and 4670 are used to show that the payee has reported the payments and paid the tax.  The Trustee has obtained and submitted these forms from Desai Eggmann Mason accounting for all the payments made to that entity and the IRS claim is being reduced accordingly.  A Form 4669 has also been submitted related to all but $3,330.00 of the payments made by the debtor to the Gross Law Office.  No form has been submitted from CZID with respect to the $1,115.00 payment made to it.  Thus (applying the applicable 28% tax rate) the debtor continues to owe backup withholding taxes of $1,244.60 for the $4,450.00 payments

---

[1] Pursuant to 26 U.S.C. §§ 3406(a)(1) and 1(c), the applicable tax rate to be applied is 28%--thus the tax owed would be $16,588.49 (or $59,244.60 x .28).

2

made to the Gross Law Office and CZID.[2] That is the amount of the IRS's present priority claim.[3]

The Trustee argues in his objection that the backup withholding tax amount should not be treated as a priority claim. However, Bankruptcy Code § 507(a)(8)(C) grants priority status to unsecured claims for taxes "required to be collected or withheld and for which the debtor is liable in whatever capacity." A claim fits within § 507(a)(8)(C) if, "(i) the claim is held by a governmental unit, (ii) the claim is for a tax, (iii) the tax is owed by a party other than the debtor, (iv) the tax must be collected or withheld from that party and transmitted to the governmental unit, and (v) the debtor must be liable for payment of the tax some capacity." 4-507 Collier on Bankruptcy ¶ 507.11[4] (16th ed. 2017). Those elements are present here. As stated above, the debtor made payments to entities for which it did not have a taxpayer identification number and to which it did not issue a Form 1099. The debtor was therefore required to withhold the taxes on those payments and transmit the amount to the IRS. Because it did not do this, the debtor is liable for the taxes and the amount is entitled to priority treatment under § 508(a)(8)(C).[4]

---

[2] The Trustee admits that he has been unsuccessful in obtaining the necessary forms for CZID or that account for all the payments the debtor made to CZID. However, he brassily wants the Court to assume that these payees correctly reported the payments as income on their returns and paid the corresponding taxes. There is no basis or evidence for the Court to make that assumption.

[3] A proper Form 4669 and 4670 could result in the abatement of the taxes, but it would not affect claimed interest and penalties. 26 U.S.C. § 3402(d). The IRS's unsecured general claim therefore remains the same as set forth in Exhibit B to the debtor's objection.

[4] Courts have long held that § 507(a)(8)(C) applies to claims for withholding taxes. *E.g., In re Billingsley*, 146 B.R. 775 (Bankr. S.D. Ill. 1992); *In re Pedro Trypucko, Maria Rosa Trypucko*, No. LA 94-24494 BR, 1995 WL 864095, at *3 (Bankr. C.D. Cal. Oct. 19, 1995); *see also In re Calabrese*, 689 F.3d 312 (3d Cir. 2012); *In re Shank*, 792 F.2d 829 (9th Cir. 1986); *DeChiaro v. New York*, 760 F.2d 432 (2d Cir. 1985); *In re Kelley*, 171 B.R. 113 (Bankr. N.D. Okla. 1994).

The Trustee argues that the withholding taxes should not be considered a tax but a penalty and subordinated to the claims of general unsecured creditors.  In determining whether a claim is a tax or a penalty, courts look at the operation of the statute using the term in question and not at the label itself.  *United States v. Reorganized CF & I Fabricators of Utah, Inc.*, 518 U.S. 213, 220 (1996).  In *CF & I Fabricators*, a bankruptcy case, the Supreme Court stated that "a tax is an enforced contribution to provide for the support of government; a penalty, as the word is here used, is an exaction imposed by statute as punishment for an unlawful act." *Id.*, 518 U.S. at 224 (quoting *United States v. La Franca*, 282 U.S. 568, 572 (1931)).  This reasoning was applied by the Eighth Circuit in *In re Juvenile Shoe Corporation*, 99 F.3d 898 (8th Cir. 1996), in which the court held that a fifteen percent levy (under 26 U.S.C. § 4980) on a pension plan's funds that reverted to the debtor employer was a tax and not a penalty.  The court explained that the purpose of that statute was not to penalize an unlawful act but to recapture the revenue lost to the Government while the funds were in the pension plan.

In the instant case, the backup withholding tax imposed on the debtor pursuant to 26 U.S.C. § 3406 was not the result of an unlawful act on its part.  The amount represents an estimate of the tax the payees owe on the payments made to them by the debtor.  The amount bears a direct relationship to the Government's potential financial loss.  The purpose of the backup withholding is not to punish anyone but to ensure that the Government collects the tax due on the payments made by payors to third parties that should be reported on a Form 1099.  The § 3406 IRS claim is a tax properly classified as a priority claim under Bankruptcy Code § 507(a)(8)(C) and there is no authority to treat that priority claim as an unsecured general penalty.

The Trustee's "substance over form" argument is also misguided.  The Trustee states, "none of the payees in question were employees of Debtor, and the payments were made to the payees for professional services rendered in the ordinary course of business of each of the payees and the Debtor."  (Doc. 495 at p. 3.)  The United States does not dispute this statement.  It merely confirms that the payees were third party contractors and the debtor had a duty to report the payments made to them on a Form 1099 (as opposed to a W-2 form for employees).  The debtor was obligated by statute to report the payments made to the three payees and to retain a portion of those payments as backup withholding tax.  The debtor simply did not comply with its duties in either substance or form.

The United States requests that the Court deny the Trustee's objection and hold that the IRS is entitled to an unsecured priority claim in the amount of $1,244.60, and an unsecured general claim totaling $6,785.37.

      Respectfully submitted,

      JEFFREY B. JENSEN
      United States Attorney

      */s/ Martin M. Shoemaker*
      MARTIN M. SHOEMAKER
      U.S. Dept. of Justice, Tax Division
      P.O. Box 7238
      Washington, DC  20044
      Phone:  (202) 514-6491
      Fax:  (202) 514-6770
      Email:  martin.m.shoemaker@usdoj.gov
      Attorney for USA/IRS

Certificate of Service

      I hereby certify that on January 22, 2018, I electronically filed the foregoing United States' Response to Trustee's Objection to Claim of Internal Revenue Service with the Clerk of Court using the CM/ECF system.  The Notice of Electronic Filing indicates that all necessary parties were served with this document via the Court's CM/ECF system.

                                                     */s/ Martin M. Shoemaker*